No. 44,972

THE CITY OF WELLINGTON, KANSAS, *Appellee*, v. WILLIAM L. MILLER and DONNA MAY MILLER, *Appellants*.

(438 P. 2d 53)

Opinion filed March 9, 1968.

*Phillip Mellor*, of Wichita, and *William M. Ferguson*, of Wellington, argued the cause, and *John Jay Darrah* and *Charles A. Sparks, Jr.*, both of Wichita, and *W. H. Schwinn*, *Tom L. Schwinn* and *Marsh D. Doctor*, all of Wellington, were with them on the briefs for the appellants.

*C. E. Russell*, of Wellington, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This appeal stems from a voluntary dismissal of an appeal by the condemner in a condemnation proceeding.

The facts are limited. The City of Wellington condemned certain lands for street improvement purposes including land of the appellants. The city paid the amount of the appraisers' award on all tracts, costs and appraisers' fees into court on June 24, 1966. On the same day the city took an appeal to the district court from the award of the appraisers' for the appellants' tract. The appellants did not appeal from the appraisers' award.

On November 17, 1966, on motion of the condemner, the appeal from the appraisers' award was dismissed with prejudice by the district court over the objection of the landowners, the present appellants.

The landowners have appealed presenting a clear cut contention:

". . . The trial court erred in permitting the City of Wellington to dismiss said City's appeal from the award of the appraisers. . ."

The appellee in reply relies heavily on K. S. A. 60-241. Appellee contends that all through the condemnation act the condemner is designated as plaintiff and as no answer could be filed to the condemnation appeal the appellee had the absolute right to dismiss at all times under the provisions of K. S. A. 60-241 (a) (1). It further contends that even though the issues be considered as joined by the filing of the condemnation appeal the case could be dismissed by the trial court on voluntary application under the provisions of K. S. A. 60-241 (a) (2) and the court could, in its discretion, refuse to fix terms and conditions. We find no merit in the appellee's contention. The provisions of K. S. A. 60-241 providing for dismissal of actions do not lend themselves to condemnation appeals. The provisions of K. S. A. 26-508, providing that the appeal shall be "tried as any other civil action," applies to the presentation of the facts and not to the formation of the pleadings. The eminent domain statute forms the issue. The only issue to be determined shall be that of just compensation for the land or right taken and other damages, and the appeal brings the issue of damages to all interests in the tract before the court for trial *de novo*. (K. S. A. 26-508.) The statute takes the place of pleadings.

Furthermore K. S. A. 60-241 (a) (2) anticipates a voluntary dismissal without prejudice. Dismissal with prejudice is used as a sanction by the trial judge to enforce the conditions impressed on dismissal without prejudice under the act. There can be no dismissal without prejudice of an appeal in a condemnation proceeding.

The able trial judge gave no reason for his judgment dismissing the condemnation appeal so we assume it was for the reasons stated by the appellee which we must disapprove.

This is a case of first impression. We must look to the eminent domain statute for the formation of the issues on appeal from the appraisers' award.

K. S. A. 26-508 provides how the issue shall be formed and what it shall be:

"If the plaintiff, or any defendant, is dissatisfied with the award of the appraisers, he may, within thirty (30) days after the filing of the appraisers' report, appeal from the award by filing a written notice of appeal with the

clerk of the district court. *An appeal by the plaintiff or any defendant shall bring the issue of damages to all interest in the tract before the court for trial de novo.* The appeal shall be docketed as a civil action and tried as any other civil action: *Provided, however,* The only issue to be determined therein shall be that of just compensation to be paid for the land or right therein taken at the time of the taking and for any other damages allowable by law." (Emphasis supplied.)

It will be noted that an appeal by either the landowner or the condemner brings the issue of damages "to all interest in the tract before the court for trial *de novo.*" Once an appeal is filed by one interested party the statute serves as a cross-appeal for all other interested parties. Only one appeal paper need be filed to bring up all interest. In *Dotson v. State Highway Commission,* 198 Kan. 671, 426 P. 2d 138, we stated at page 676 of the opinion:

". . . The statute in its present form in harmony with the previous decisions of this court which arose under our prior appeal statute (G. S. 1949, 26-102, as amended) to the effect that any appeal by a landowner, lienholder or interested party brings to the district court for determination in a single action the sufficiency of the award for *all interests* in the tract or parcel of land under condemnation. (See *State Highway Commission v. Hembrow,* 190 Kan. 742, 378 P. 2d 62, and cases cited therein.) The trial of that issue in the district court is binding on all parties to the action, subject to appeal to the supreme court. (*Martin v. Forestry, Fish and Game Commission,* 185 Kan. 796, 347 P. 2d 276.)"

We conclude that when one party has appealed, the statute itself places the other parties in the position of cross-appellants and the appeal on which the statute operates cannot be dismissed over the objection of any person having an interest in the tract.

The judgment is reversed and the case remanded with instructions to reinstate the appeal.

APPROVED BY THE COURT.