No. 68,892

THE CITY OF WICHITA, KANSAS, *Appellant*, v. 200 SOUTH BROADWAY, LIMITED PARTNERSHIP, A KANSAS LIMITED PARTNERSHIP, *Appellee*, and Southwest National Bank, N.A.; The Board of County Commissioners of Sedgwick County, Kansas; Crawford & Co.; Binary Data Systems, Inc.; Richard Goodall; Family Resorts, Inc.; Chuck Henry; CML Health Concept, Inc.; Advisors in Coordinated Health Care; Benjamin M. Giles; Financial International Corp.; Interactive Finance Service, Inc.; David Johnson; Heritage Insurance Agency; James D. Fuller; Bryce Withrow; Midwest Accounting & Management; Marvin Koelsch; Mitchell's Restaurant & Club; Cathy Mitchell; Harold Yarnell; Petroleum Building Parking, Inc.; and Tom Blake, *Defendants*.

(855 P.2d 956)

Opinion filed July 9, 1993.

*Phillip Mellor*, of Mellor & Miller, P.A., of Wichita, argued the cause, and *Arden P. Miller* and *Mark Mellor*, of the same firm, and *Gary Rebenstorf*, Director of Law for the City of Wichita, were with him on the brief for appellant.

*Philip L. Bowman*, of Adams, Jones, Robinson and Malone, Chartered, of Wichita, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: This is an interlocutory appeal in an eminent domain proceeding. The two issues presented on appeal deal solely with statutory construction and are submitted on an agreed statement.

The primary issue is whether the district court acquires jurisdiction of an appeal from the appraisers' award in an eminent domain proceeding in which the notice of appeal is timely filed and served on the condemner but copies of the notice of appeal are not served on all other interested parties. The second issue is who is required to cause service to be made on all other interested parties.

The condemnation proceeding was commenced properly by the City of Wichita (condemner). Subsequently, the appraisers issued an award from which 200 South Broadway, Limited Partnership (landowner) appealed. The landowner gave notice to the condemner, but the 15 tenants and 2 lienholders involved did not receive notice of the appeal until approximately three months after the notice of appeal was filed.

K.S.A. 26-508 provides:

"If the plaintiff, or any defendant, is dissatisfied with the award of the appraisers, he may, within thirty (30) days after the filing of the appraisers' report, appeal from the award by filing a written notice of appeal with the clerk of the district court. *In the event any parties shall perfect an appeal, copies of such notice of appeal shall be mailed to all parties affected by such appeal, within three (3) days after the date of the perfection thereof.* An appeal by the plaintiff or any defendant shall bring the issue of damages to all interest[s] in the tract before the court for trial *de novo*. The appeal shall be docketed as a civil action and tried as any other civil action: *Provided, however*, The only issue to be determined therein shall be that of just compensation to be paid for the land or right therein taken at the time of the taking and for any other damages allowable by law." (Emphasis added.)

The condemner argues that providing notice to all affected parties is jurisdictional to an appeal filed under K.S.A. 26-508. On the facts of this case, the condemner claims the trial court did not acquire jurisdiction or lost jurisdiction of an appeal from the appraisers' award in an eminent domain proceeding in which notice was filed and served on the condemner, but was not provided to the lienholders of record and the parties in possession.

The condemner relies upon selected provisions from the Eminent Domain Procedure Act, K.S.A. 26-501 *et seq.*, and upon public policy. The condemner contends the legislature has limited the procedure for eminent domain proceedings to the Eminent Domain Procedure Act. See K.S.A. 26-501(a) ("The procedure for exercising eminent domain as set forth in K.S.A. 26-501 to 26-516, inclusive, shall be followed in all proceedings."). Citing *City of Wellington v. Miller*, 200 Kan. 651, 438 P.2d 53 (1968), the condemner argues that affected or necessary parties to the judgment cannot be joined later pursuant to the civil procedure statutes for joinder of parties because "the Code of Civil Procedure does not govern proceedings on appeal in a condemnation action." According to the condemner, the notice requirement in K.S.A. 26-508 must be jurisdictional because otherwise affected parties may be deprived of the opportunity to participate in the appeal, which is being tried de novo before the trial court, and may not be bound by the court's judgment. To shore up this claim, the condemner points out that K.S.A. 26-502 requires the condemner's petition to name all affected parties—landowners, lienholders of record, and parties in possession.

We must analyze the language of the controlling statute, K.S.A. 26-508, in order to resolve this issue.

"Interpretation of a statute is a question of law, and it is the function of the court to interpret a statute to give it the effect intended by the legislature. It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained.

"In determining legislative intent, courts are not limited to consideration of the language used in the statute, but may look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested. In construing statutes, the legislative intention is to be determined from a general consideration of the entire act." *West v. Collins*, 251 Kan. 657, Syl. ¶¶ 3, 4, 840 P.2d 435 (1992).

When the Eminent Domain Procedure Act was enacted in 1963, K.S.A. 26-508 did not require that copies of the notice of appeal be mailed to affected parties. To perfect an appeal, a party had to file a notice of appeal with the clerk of the district court within 30 days from the filing of the appraisers' award. L. 1963, ch. 234, § 8; see Spring, *Comments on Practice and Procedure*

*in Eminent Domain*, 35 J.K.B.A. 7, 9 (1966) ("Formerly an appeal bond was required in order to perfect the appeal. The bond has been dropped from the 1963 act, and the filing of the notice of appeal alone is the only present requirement."). K.S.A. 26-508 was amended for the first and only time in 1968, adding the second sentence of the current version concerning the mailing of copies of the notice of appeal. After the amendment, commentators did not interpret the statute differently with regard to perfecting the appeal. See Bennett, *The 1968 Kansas Legislature—How Did It Affect the Lawyer's Practice?*, 37 J.K.B.A. 159, 209 (1968); Article, *Survey of Kansas Law: Real and Personal Property*, 18 Kan. L. Rev. 427, 436 (1970).

The landowner contends the perfection of an appeal is distinct from mailing copies of the appeal notice to affected parties. The first sentence of the statute sets forth what a party must do to appeal from the appraisers' award. The second sentence requires mailing copies of the notice of appeal to all affected parties *only if and after the appeal is perfected*. The landowner maintains the language of the statute is unambiguous—mailing copies of the appeal notice is not jurisdictional.

Statutory requirements for an appeal are not always jurisdictional. See *Legg v. Topeka Halfway House, Inc.*, 7 Kan. App. 2d 669, 670, 646 P.2d 1155, *rev. denied* 231 Kan. 800 (1982), and cases cited therein. We hold that, pursuant to the unambiguous language of K.S.A. 26-508, mailing copies of the notice of appeal is not needed to perfect an appeal from the appraisers' award in an eminent domain case and therefore is not jurisdictional to such an appeal. See *Martindale v. Tenny*, 250 Kan. 621, Syl. ¶ 2, 829 P.2d 561 (1992) ("When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be.").

The second issue raised concerns who is required to mail copies of the notice of appeal. K.S.A. 26-508 does not specify, stating: "In the event any parties shall perfect an appeal, copies of such notice of appeal shall be mailed to all parties affected by such appeal, within three (3) days after the date of the perfection thereof."

The condemner maintains the statutory language implicitly requires the party who perfects the appeal to mail copies of the appeal notice. The landowner responds that the condemner is attempting to rewrite the statute because the statute does not "suggest" any particular party. The landowner claims it is reasonable for the nonappealing party to be responsible for mailing copies because the nonappealing party has an interest to protect. The landowner also contends K.S.A. 26-508 is consistent with requiring the clerk of the district court to send the copies because of the three-day lag time, which allows time for the clerk to make copies and send them to the affected parties. According to the landowner, if the statute required same-day mailing, it would be consistent with requiring the appealing party to mail the copies because it is customary to file an appeal and send copies of the appeal notice on the same day. In support of its argument that someone other than the parties should be responsible, the landowner points out that notice is to be sent to "all parties affected" and that it makes no sense to require a party to send a copy to itself. In response, the condemner argues that nothing in the language of K.S.A. 26-508 or the Eminent Domain Procedure Act suggests the nonappealing party or the clerk of the district court should be responsible for mailing copies.

Neither party cites any authority to support its arguments. The trial court found the appealing party was responsible for mailing copies of the notice, reasoning it would be an unfair burden upon the clerk of the district court, who is not required to be trained in the law, to ascertain the affected parties. The most reasonable construction is for the appealing party to be responsible for sending copies of the notice of appeal. The legislature generally has required the appealing party to serve the notice of appeal, and in those rare instances in which the legislature has not done so, it has been very specific. We conclude the legislature intended the appealing party to be responsible for mailing copies of the notice of appeal to all parties affected by the appeal.

Affirmed.

HOLMES, C.J., not participating.

JAMES M. MACNISH, JR., district judge assigned.