Dr. Estel Landreth, President Kansas Dental Board 3601 S.W. 29th Street S-134 Topeka, Kansas 66614
Dear Dr. Landreth:
As president of the Kansas dental board you inquire about the interpretation of K.S.A. 65-1435. Specifically, you inquire whether subsection (b)(2) that allows dentists to practice under a corporate name requires that the associating dentists own shares in the corporation thereby establishing a financial relationship.
You indicate that a Kansas dentist licensee requested approval of a corporate name of Adams Dental Group, P.A. The licensee is the sole financial investor in the corporation but has two other licensed dentists working in his practice, among them Dr. Adams whose practice was purchased by the licensee forming the corporation. Citing subsection (b)(2) of K.S.A. 65-1435, the licensee requested the board's approval of the corporate name. Although never promulgated as a regulation, the board has historically interpreted this subsection as requiring a financial association, wherein each dentist must own shares in the corporate practice. The historical interpretation notwithstanding, the board in this instance approved the corporate name pending an opinion on the validity of the board's policy.
The statute in question, K.S.A. 65-1435, states in pertinent part:
 (a) Except as otherwise provided in this section, it shall be unlawful for any person or persons to practice or offer to practice dentistry under any name except such person's own name, . . . or to use the name of any company, association, corporation, clinic, trade name or business name in connection with the practice of dentistry as defined in this act.
 "(b) Nothing herein contained shall be construed to prevent two or more licensed dentists:
 "(1) from associating together for the practice of dentistry, each in such person's own proper name; or
 "(2) from associating together for the practice of dentistry in a professional corporation, organized under the professional corporation law of Kansas, under a corporate name, established in accordance with the professional corporation law of Kansas, that may or may not contain the proper name of any such person or persons;
 "(3) from associating together with persons licensed to practice medicine and surgery in a clinic or professional association under a name that may or may not contain the proper name of any such person or persons and may contain the word `clinic.'"
Generally K.S.A. 65-1435 makes it unlawful for any person to practice dentistry under any name except such person's own name, with two exceptions, subsections (b)(2) and (3). Your question pertains to subsection (b)(2) which allows two or more dentists to associate together for the practice of dentistry in a professional corporation, organized under the professional corporation law and under a corporate name that may or may not contain the proper name of any of the dentists.
At issue is whether "associating together" requires the two or more dentists to own shares in the corporation, thereby establishing a financial relationship. The interpretation of a statute is a question of law, and it is the function of the court to interpret a statute to give it the effect intended by the legislature. If the intent can be ascertained from the statute, that intent governs. City of Wichita v. 200 South Broadway,253 Kan. 434 (1993). The statute is however subject to the rules of statutory construction when there is ambiguity. Here it is not readily ascertainable from the language of the statute whether the legislature intended that the association between the dentists be one that requires that they own or help form the corporation.
In construing statutes, the legislative intent must be determined from a general consideration of the entire act and if possible all the provisions must be reconciled to make them harmonious and consistent. State v. Adee, 241 Kan. 825 (1987). Language that is designed to protect the public must be construed in light of legislative intent and entitled to broad interpretation so that the public purpose may be fully carried out. State ex rel.Stephan v. Kansas Racing Commission, 246 Kan. 708 (1990).
It is clear from the prohibition in K.S.A. 1994 Supp. 65-1435 that one dentist may not practice dentistry as a professional corporation and under a corporate name unless the dentist "associates" with one or more other dentists. A perusal of the act indicates a legislative intent to protect the public from the fraudulent practice of dentistry by a corporation or under a business name that indicates there is more than one dentist in that practice when in fact there is not. This intent is evident in K.S.A. 1994 Supp. 65-1435(c) that makes it unlawful and cause for licensure revocation for a dentist to conduct an office or to associate together for the practice of dentistry under a corporate name "unless such licensee is personally present in the office operating as a dentist or personally overseeing such operations as are performed in the office or each of the offices during a majority of the time." See State ex rel., v. Goldman Jewelry Co.,142 Kan. 881, 885 (1935) (dentistry is a profession having to do with public health and the purpose of regulation is to protect the public).
The board's policy requiring that the dentists associating together have a financial relationship is not only more restrictive than the language of the statute, it does not serve to effectuate legislative intent. Legislative intent, if it can be ascertained from the statute, governs and the language of a statute must be interpreted in light of that legislative intent.Adee, 241 Kan at 829. The requirement that more than one dentist associate for the practice of dentistry adequately serves the public purpose by making sure there actually is more than one dentist in the corporation practicing dentistry. While the requirement of a financial relationship would legally bind the dentists to the corporation, it does not ensure that the dentists actually practice dentistry in the corporation.
The language of the statute supports our analysis and conclusion by not actually requiring that the dentists associate together to form the corporation. The language of the statute simply requires the dentists associate together for the practice of dentistry. Rules of construction may not be used to read into a statute something that does not come within the wording of the statute.State ex rel. Stephan v. Board of Seward County Commissioners,254 Kan. 446, 448 (1993) citing Joe Self Chevrolet, Inc., v. Boardof Sedgwick County Commissioners, 247 Kan. 625, 633 (1990). While clearly an agency charged with a statute's enforcement may interpret that statute, the interpretation must conform to the language of the statute and serve to promote the statute's public purpose. Kansas Commission on Civil Rights v. U.S.D. 501,243 Kan. 137 (1988). In our opinion the board policy requiring a financial relationship exceeds the statutory authority provided by the legislature and is therefore unenforceable. State ex rel. v.Columbia Pictures Corporation, 197 Kan. 448, 455 (1966).
We also note that the board's policy may be challenged on another basis. Internal policy of a state agency which is adopted to govern the agency's enforcement or administration of legislation is a rule or regulation as a matter of law under K.S.A. 1994 Supp.77-415(4) and to be effective must be filed and published as a "rule" or "regulation." Bruns v. Kansas State Board of TechnicalProfessions, 19 Kan. App. 2d 83 (1993). The board's policy does not conform to this statutory requirement.
In conclusion it is our opinion that dentists who want to incorporate under a corporate name pursuant to subsection (b) (2) of K.S.A. 65-1435 must join together for the common purpose of the practice of dentistry and so long as there is more than one dentist practicing dentistry in a corporation established in accordance with the professional corporation law, the requirements of K.S.A. 1994 Supp. 65-1435 (b) (2) are met.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Guen Easley Assistant Attorney General
CJS:JLM:GE:jm