Clancy Holeman Riley County Counselor 115 North 4th Street, 3rd Floor West Manhattan, Kansas 66502
Dear Mr. Holeman:
As county counselor for Riley County you inquire whether a limited liability company, Actus Lend Lease LLC (LLC), would be classified as a "citizen not otherwise exempt" under the Fort Riley cession act, and therefore subject to property taxation. Additionally, you ask whether the Board of County Commissioners has the authority to issue a "tax comfort" letter which would offer an opinion that the LLC's property within Fort Riley is not subject to property tax. Actus proposes to construct, own and operate new private housing for military personnel on the grounds of the Fort Riley military installation pursuant to a 50 year lease with the United States.[1]
The Ceding Acts for Fort Leavenworth and Fort Riley.
The State of Kansas ceded jurisdiction of the Fort Leavenworth and Fort Riley military reservations to the United States while retaining the ability to tax named classifications of taxpayers. The difference between the two ceding acts is that the later one has an additional classification subject to taxation and a condition that impacts all taxing classifications. In the case of Fort Leavenworth, the state retained the authority "to tax railroad, bridge and other corporations, their franchises and property on said reservation."[2] When Kansas ceded jurisdiction to the United States for Fort Riley fourteen years later, the reservation of authority for taxation stated "the right to tax railroad, bridge, and other corporations, their property and franchises, and the property of citizens, not otherwise exempt, onsaid reservation."[3] The two acts are similar with the exception of the additional phrase that is the subject of this opinion.
The absence of legislation ceding jurisdiction to the United States became an issue when Fort Riley was designated for expansion to become a school for cavalry and light artillery.[4] There is no legislative history available discussing the reason for the additional phrase. However, between 1875 and 1889, when each act was adopted, the United States Supreme Court considered both the scope of the reservation to tax and the specific authority to tax railroad companies with property within Fort Leavenworth.[5] The Court upheld Kansas' reservation of the authority to tax but warned that a state could not interfere with the use of the property by the United States.[6] Therefore, when the legislature ceded jurisdiction for Fort Riley, it would have known that Kansas could retain the authority to tax.
The implications of the additional phrase "and the property ofcitizens, not otherwise exempt."
The addition of the phrase "and the property of citizens, not otherwise exempt . . ." to the ceding act for Fort Riley requires us to examine the impact of those additional words to the entire reference to taxation. The complete phrase describing Kansas' retention of the authority to tax provides, "and saving further to said state the right to tax railroad, bridge, and other corporations, their property and franchises, and the property of citizens, not otherwise exempt, on said reservation."[7] Reading the language in its entirety, the legislature enumerated a list of groups subject to taxation, with the condition that constitutional and statutory exemptions would apply.
The condition of constitutional and statutory exemptions to taxation apply to all of the named categories because of the grammatical rule of statutory construction known as the "last antecedent rule." Simply stated, the rule provides that "evidence that a qualifying phrase is supposed to apply to all antecedents instead of only to the immediately preceding one may be found in the fact that it is separated from the antecedent by a comma."[8]
Does an LLC fall within the taxing category described as"citizens?"
To determine whether an LLC might fall within the taxing classification described as "citizens," one must examine the language and intent of that word within the ceding act. The rules of statutory construction state that "words and phrases shall be construed according to the context and approved usage of the language. . . ."[9] The fundamental rule of statutory construction is that the intent of the legislature governs.[10] If the statute's language or text is unclear or ambiguous then one proceeds to the next analytical step, applying canons of construction or relying on legislative history construing the statute to effect the legislature's intent.
Whether an LLC is a "citizen" as understood at the time of cession or currently is difficult to address because the term was not defined in the statutes either then or now. References to "citizens" occur in the application of constitutional rights, such as voting and the determination for jurisdictional diversity. LLCs are not entitled to vote, but may claim a constitutional right to jurisdictional diversity in order to pursue litigation in the federal court system.[11]
Therefore, the term "citizens" as used in the ceding act is ambiguous and must be defined within the context of the act. In this case, an examination of the term within the taxation and taxation exemption statutes is helpful.
The General Statutes of 1889 provide some insight into taxation and the classification of persons and corporations that were subject to taxation. Similar to today, "all property in this state, real and personal, not expressly exempt therefrom, shall be subject to taxation. . . ."[12] Taxation was based upon ownership alone, the statute did not distinguish between individual and corporate ownership. The responsibility for submission of a list of property subject to taxation fell upon "every person of full age and sound mind, accountant officer, or other person designated by any person, company or corporation. . . ."[13] The statute contemplates every "person" or their representative will complete the necessary forms. "Person" is defined in the statutes to extend to "bodies politic and corporate."[14] Corporations were recognized, classified and regulated by state statute in 1889.[15] Therefore, all property, regardless of ownership structure, was subject to taxation, unless expressly exempted. Accordingly, it appears the intent of the 1889 legislature was to impose property tax upon all classifications of taxpayers within Fort Riley.
Lacking definitive statutory guidance about the taxing of LLCs within any of the ceded jurisdiction in Kansas, we return to the current taxation statute which provides that absent an express exemption, all property is subject to taxation.[16] Accordingly, it is our opinion that the property of an LLC operating within Fort Riley is subject to taxation. However, as with any taxpayer, the LLC can pursue the statutory remedies of requesting an exemption or protesting payment.[17]
Exemptions to taxation.
Reviewing the exemptions to taxation in 1889 offers additional insight. The Kansas Constitution set out both the conditions for taxation and the exemptions, as follows:
 The Legislature shall provide for a uniform and equal rate of assessment and taxation; but all property used exclusively for State, county, municipal, literary, educational, scientific, religious, benevolent and charitable purposes, and personal property to the amount of at lease two hundred dollars for each family, shall be exempted from taxation.[18]
The statutes of 1889 also provided for exemptions from taxation.[19]
The language of the statute provided more detail, but added only four exemptions that did not appear in the constitution. The exemptions are: graveyards, money belonging to any of the types of institutions already exempted (such as universities and charitable institutions), all property belonging to the United States, and, the wearing apparel of every person.[20] It is noteworthy that in 1889 no exemptions were provided for any type of commercial enterprise, no matter its name or form. Therefore, within the understanding of that period, it would appear that property owned by a business entity within Fort Riley would have been subject to taxation because no express exemption applied.
A review of current statutes, applicable case law, and a prior opinion on the subject of taxation of an LLC within the ceded jurisdiction of Fort Leavenworth yields a similar result.[21] The Military Housing Privatization Initiative[22] which facilitates the construction of military housing by private developers does not address the subject of taxation of property leased to participating private parties, so there appears to be no question of preemption of taxation.[23] Under Kansas law, taxation is the rule and exemptions are the exception, with the burden of establishing an exemption upon the party requesting it.[24]
The general exception for taxing property belonging exclusively to the United States is not applicable when a private entity acquires an ownership interest in property and improvements within the boundaries ceded to United States.[25] The question of taxation turns upon the language contained within the legislation ceding jurisdiction to the United States.[26] As noted above, it is our opinion the ceding language imposed taxation on enumerated properties within Fort Riley, unless specifically excepted.
The requested "tax comfort" letter.
Finally, you ask whether the county commissioners may issue a "tax comfort" letter opining that the LLC is not subject to ad valorem tax. The power to tax is contained within the Kansas Constitution.[27]
Counties have the statutory authority to tax subject to limitations established by the legislature.[28] The authority to provide for exemptions to taxation is reserved by the legislature.[29] The legislature has delegated the review of individual categorical requests for exemption from taxation to the Court of Tax Appeals (COTA).[30]
County commissioners are granted very limited authority to exempt property from ad valorem tax for only economic development purposes.[31] We can find no other authority for county commissioners to grant property tax exemptions. The commissioners, as a part of the COTA review process, may submit a resolution, letter or any other communication expressing the opinion of the board whether the property under consideration should be taxed or exempted.
In summary, the act ceding jurisdiction to the United States for Fort Riley retained the authority to tax "the property of citizens, not otherwise exempt from taxation." The term "citizen" is not defined and must be construed within the context of the ceding and taxation statutes. Exemptions to taxation are established by the legislature and narrowly applied. The burden of proving an exemption is upon the entity seeking the exemption. Absent a specific exemption, the property of an LLC operating within Fort Riley is subject to taxation based upon the ceding language. The county commissioners may offer an opinion concerning tax exemptions, but it is not binding.
Sincerely,
 Steve Six Attorney General
 Michael J. Smith Assistant Attorney General
SNS:MF:MJS:jm
[1] 10 U.S.C. § 2871. (The Military Privatization Initiative.)
[2] L. 1875, ch. 66, § 1. See also K.S.A. 27-104.
[3] L. 1889, ch. 150, § 1. See also K.S.A. 27-105. Emphasis added.
[4] Fort Riley Ceded, Junction City Union, Jan. 26, 1889, at 3. The language reported did not include the reference to "citizens, not otherwise exempt." Only the final version of the language is available so it is impossible to determine if there was an error in the newspaper report or the language was added during deliberations.
[5] Fort Leavenworth R. Co. v. Lowe, 114 U.S. 525, 541 (1885) holding that a state may reserve any authority that does not conflict with the purpose of the use of the property by the United States and taxation of a railroad company was consistent with the reservation.
[6] Id. at 527.
[7] L. 1889, ch. 150, § 1. See also K.S.A. 27-105.
[8] Taylor v. Perdition Minerals Group, Ltd., 244 Kan. 126, 134
(1988), quoting 2A Sutherland Statutory Construction § 47.33 (4th rev. ed. 1984).
[9] K.S.A. 2007 Supp. 77-201, Second.
[10] City of Wichita v. 200 South Broadway, Ltd. Partnership,253 Kan. 434, 436 (1993).
[11] Debra R. Cohen, Limited Liability Company Citizenship:Reconsidering an Illogical and Inconsistent Choice, 90 Marq. L.Rev. 269 (2006).
[12] General Statutes, Ch. 107, 6846 § 1(1889).
[13] Id. at 6849 § 4.
[14] General Statutes, Ch. 104, 6687 § 1, Thirteenth (1889).
[15] General Statutes, Ch. 23 (1889) lists over a dozen purposes for a corporation including railroad, telegraph, savings banks and sewerage as examples.
[16] K.S.A. 79-101. This appears to be the current practice of the Riley County Assessor's office as it reports at least four named LLCs within Fort Riley subject to taxation: Government Liquidation.Com LLC; Southwest PCS Properties LLC; T-Mobile Central LLC; and USCOC Nebraska/Kansas LLC-KS.
[17] K.S.A. 2007 Supp. 79-213, as amended by L. 2008, Ch. 109, § 74 and Ch. 182 § 17; K.S.A. 2007 Supp. 79-2005, as amended by L. 2008, Ch. 109 § 103.
[18] Kansas Constitution Art. 11, § 1 in effect in 1889.
[19] General Statutes, Ch. 107, § 3 (1889).
[20] Id.
[21] Attorney General Opinion 2005-19 reached the conclusion that an LLC's property within Fort Leavenworth was not subject to taxation because the ceding language for taxation applied exclusively to corporations.
[22] Note 1.
[23] Attorney General Opinion 2005-19 at 4, referring to10 U.S.C. § 2878.
[24] Attorney General Opinion 2005-19 at 4, citing Defenders of theChristian Faith, Inc, v. Horn, 174 Kan. 40, 44 (1953).
[25] Attorney General Opinion 2005-19 at 6, citing K.S.A. 2004 Supp.79-201a First.
[26] Attorney General Opinion 2005-19 at 8.
[27] Kansas Constitution, Art. 11 § 1.
[28] K.S.A. 19-101a.
[29] In re Leitz Const. Co., 273 Kan. 890, 903 (2002).
[30] K.S.A. 2007 Supp. 79-213, as amended by L. 2008, Ch. 109, § 74.
[31] Kansas Constitution, Art. 11, § 13 and K.S.A. 2007 Supp.79-251.