Jared Holste Rawlins County Attorney 509 Main Atwood, Kansas 67730
Dear Mr. Holste:
As the County Attorney for Rawlins County, you ask whether the county commissioners may approve, modify or reject a proposed ballot measure for the purpose of funding the county hospital where the hospital board is elected by the qualified electors of the county.
Your question arises because of a disagreement concerning the language contained in K.S.A. 19-4606(c). The statute in question provides the authority for county commissioners, or, in the case of an elected board, to levy a tax up to six mills each year for the operation of the hospital.[1] The statute also establishes the procedure to exceed the six mill limit upon submitting the proposed tax levy to county voters.[2] The specific language provides:
 The commission or, in the case of an elected board, the board shall not levy any tax exceeding six mills under authority of subsection (a) . . . until the levy of such tax . . . has been authorized by resolution of the commission and approved by a majority of the qualified electors of the county. . . .[3]
The county commissioners have asserted that because they have the duty to pass an authorizing resolution, they also have the ability to modify the hospital board's proposed language.[4] The board of the Rawlins County Health Center is a directly elected hospital board and questions whether the county commissioners have such authority.[5]
In order to answer your question, the rules of statutory construction state that "words and phrases shall be construed according to the context and approved usage of the language. . . ."[6] The fundamental rule of statutory construction is that the intent of the legislature governs.[7] If the statute's language or text is unclear or ambiguous then one proceeds to the next analytical step, applying canons of construction or relying on legislative history construing the statute to effect the legislature's intent. Based upon the differing interpretations of the county commissioners and the hospital board, the language of the statute is unclear and ambiguous. Therefore, the legislative history may provide clarification.
The current statute is the product of a legislative effort to provide simplified and uniform statutes for the creation, governance, operation and dissolution of county hospitals. The prior statutes were described by the Kansas Supreme Court as:
 [N]umerous pieces of special legislation, couched in general terms, and adopted from time to time since 1913 to allow or remedy an existing situation in some particular county. As a result we do not have a comprehensive county hospital code that can be uniformly applied and relied upon throughout the state.[8]
Attorney General Robert T. Stephan also requested the legislature review and simplify the 371 statutes concerning hospitals that operated as county, city, district or township hospitals.[9] The legislature acted upon General Stephan's request in 1983 and considered a bill that provided uniform rules for all publicly financed hospitals.[10]
During the public hearing for the proposed legislation, the Senate Committee on Public Health and Welfare, the attorney for the elected Clay County Hospital Board of Trustees and Kansas Hospital Association (KHA) proposed amendments that would allow the elected board to continue in that capacity and act independently from the county commissioners.[11] Committee members and staff from the Attorney General's office expressed concern that such an amendment would make the bill non-uniform and subject to exemption by operation of city and county home rule authority.[12]
In order to address the concerns of uniformity, the Committee made two significant changes to the proposed legislation. The first was to permit any county hospital board to be directly elected, either by petition or resolution, referring the question to the qualified voters in the county.[13] The second change was to insert the phrase "or, in case of an elected board, the board" following the word "commission" when referring to the authority to oversee the operation, budget and establish the annual mill levy.[14] The testimony of the KHA concerning what was section 6, now K.S.A. 19-4606, the statute you inquire about, is revealing about the authority granted to elected hospital boards. The testimony states:
 Section 6. Amendments are proposed to Section 6 which would allow elected boards to levy taxes and issue bonds. As the bill now reads only the county commissioners would be able to do these acts. However, where a hospital board is directly elected by the people and are thereby directly answerable to the electors, there is no real purpose in requiring commission action. The Kansas Hospital Association understands the reluctance to give taxing power to non-elected officials. However, where the public elects a board the members will be forced to be responsive to the opinions of the electors.[15]
The proposed amendments became part of the final bill and were adopted by the legislature and signed by the Governor. Therefore, absent any evidence to the contrary, the intent of the legislature was to provide the authority to levy taxes to the body that is subject to voter accountability, either the county commissioners or the hospital board. There is no indication that the county commissioners retained any oversight once an elected hospital board was approved by the county electors.
In summary, the authority to set a mill levy for county hospital operations and debt service rests with the county commissioners, or, in case of an elected board, the board. There is no statutory authority for county commissioners to alter an elected hospital board's proposed ballot language for a levy amount in excess of the statutory limit of six mills.
Sincerely,
Steve Six Attorney General
Michael J. Smith Assistant Attorney General
SS:MF:MJS:jm
[1] K.S.A. 19-4606(a).
[2] K.S.A. 19-4606(c).
[3] Id. Emphasis added.
[4] The elected board of the Rawlins County Health Center had sought re-authorization of a 13 mill levy due to expire. The board wished the re-authorization vote to allow them to levy the 13 mills in perpetuity. The county commissioners wished to continue with the prior practice of a sunset provision in five years. The sunset provision was the subject of Attorney General Opinion No. 2004-20.
[5] The board for Rawlins County Health Center became a directly elected board in 1989 when the Rawlins County Commissioners enacted Resolution No. 89-1 placing the matter before the electors as proscribed in K.S.A. 19-4605(d).
[6] K.S.A. 2008 Supp. 77-201, Second.
[7] City of Wichita v. 200 South Broadway, 253 Kan. 434, 436
(1993).
[8] Thomas County Taxpayers Ass'n v. Finney, 223 Kan. 434, 438
(1978).
[9] Report on Kansas Legislative Interim Studies to the 1983Legislature-Proposal No. 9 — Hospital Laws, Special Committee on Hospital Laws 145, 150, 151 (1982). The hospital statutes were also the subject of Report on Kansas Legislative Interim Studies to the 1982Legislature-Proposal No. 38 — Hospital Statutes, Special Committee on Public Health and Welfare (1981).
[10] 1983 H. B. 2002 (1983).
[11] Minutes, Senate Committee on Public Health and Welfare, February 9, 1984.
[12] Id.
[13] H.B. 2002, Section 5, adopted as K.S.A. 19-4605. According to the Kansas Hospital Association, since the adoption of the procedure to allow a hospital board to be directly elected, five additional counties have converted to an elected hospital board: Rawlins County, Hamilton County, Stanton County, Sheridan County and Kiowa County.
[14] Minutes, Senate Committee on Public Health and Welfare, February 9, 1984, Attachment 2.
[15] Id.