(937 P.2d 1252)

No. 76,174

STATE OF KANSAS, *ex rel.* SECRETARY OF SOCIAL AND REHABILITATION SERVICES, *Appellee,* v. SCOTT W. GUY, *Appellant.*

Opinion filed May 9, 1997.

*Kelli J. Benintendi,* of Legal Aid Society, of Topeka, for appellant.

*Robert R. Hiller, Jr.,* of the Kansas Department of Social and Rehabilitation Services, of Topeka, for appellee.

Before GREEN, P.J., ROYSE, J., and JENNIFER L. JONES, District Judge, assigned.

GREEN, J.: Scott W. Guy appeals from a summary judgment granted in favor of the Kansas Department of Social and Rehabilitation Services (SRS). SRS sued Scott, seeking reimbursement in the amount of $17,521.04 for medical assistance furnished to his minor son, Kyle Guy. On appeal, Scott contends that the trial court erred in holding him responsible for the repayment of his son's medical expenses. We agree. Accordingly, we reverse the judgment of the trial court.

In May 1992, Scott accidentally backed his vehicle over the foot of his 21-month old son, Kyle. Kyle along with his mother, Paula Crespi, father, and his sister, Jessica Guy, were all receiving assistance in the form of Aid to Families with Dependent Children (ADC). As a result, each of them received a medical card. Kyle's card was presented for payment when he was treated for the injuries to his foot. The cost of Kyle's treatment was approximately $20,793.

In November 1994, SRS sued Scott seeking a judgment against him for $17,521.04, the difference between the cost of the treatment and PIP benefits paid by Scott's car insurance carrier. The petition claimed that Scott had a legal obligation to pay medical expenses on behalf of Kyle and that Kyle's injuries were caused by Scott's negligence. The petition further stated that it was filed under K.S.A. 39-719a, which allows SRS to recover medical expenses it has paid from any third party who has a legal obligation to pay such medical expenses of the recipient. In moving for judgment on the pleadings, SRS also stated that Scott's legal obligation arose under both a common-law duty and a statutory duty under K.S.A. 39-718b. Scott, however, argued that SRS had improperly switched its cause of action from one of negligence to one based on a parent's obligation to his or her child. Scott also argued that one of the exceptions set out in K.S.A. 39-718b exempted him from having to reimburse SRS for the assistance provided.

The trial court construed SRS's motion as a motion for summary judgment. Emphasizing the distinctions between the terms "assis-

tance" under K.S.A. 39-718b and "medical assistance" under K.S.A. 39-719a, the trial court reasoned that because K.S.A. 39-719a entitled SRS to recover medical assistance paid, K.S.A. 39-718b was inapplicable. Consequently, the trial court granted summary judgment in favor of SRS.

In arguing for summary judgment, SRS maintained that K.S.A. 39-719a allowed it to seek reimbursement from Scott for medical expenses paid on behalf of Kyle. K.S.A. 39-719a provides in pertinent part:

"(a) Where medical assistance has been paid by the secretary and a third party has a legal obligation to pay such medical expenses to or on behalf of the recipient, the secretary may recover the same from the recipient or from the third party and shall be in all respects subrogated to the rights of the recipient in such cases . . . . Payment of medical assistance by the secretary shall be secondary to any other insurance coverage or third party with a legal obligation to pay such medical expenses to or on behalf of the recipient."

On the other hand, Scott argued that he falls within one of the enumerated exceptions in K.S.A. 39-718b, which describes a parent's liability for assistance furnished to a minor child. The relevant portion of K.S.A. 39-718b provides:

"(a) Except as provided in subsection (b), a child's parent, parents or guardian shall be liable to repay to the secretary of social and rehabilitation services any assistance expended on the child's behalf, regardless of the specific program under which the assistance is or has been provided. . . . The secretary shall have the power and authority to file a civil action in the name of the secretary for repayment of the assistance, regardless of the existence of any other action involving the support of the child.

"(b) With respect to an individual parent or guardian, the provisions of subsection (a) shall not apply to:

. . . .

(2) assistance provided during a month in which the needs of the parent or guardian were included in the assistance provided to the child. . . .

. . . .

"(e) Actions authorized herein are in addition to and not in substitution for any other remedies." (Emphasis added.)

## Standard of Review

Whether the trial court erred in construing the above statutory provisions is a question of law over which this court has unlimited

review. See *State v. Donlay*, 253 Kan. 132, 134, 853 P.2d 680 (1993). " 'The several provisions of an act, *in pari materia*, must be construed together with a view of reconciling and bringing them into workable harmony and giving effect to the entire statute if it is reasonably possible to do so.' " *Guardian Title Co. v. Bell*, 248 Kan. 146, 151, 805 P.2d 33 (1991). Simply stated, a court should interpret a statute as a whole in order to determine its meaning. See *State v. Simms*, 254 Kan. 1, Syl. ¶ 7, 862 P.2d 359 (1993). Finally, " '[i]t is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained.' " *City of Wichita v. 200 South Broadway*, 253 Kan. 434, 436, 855 P.2d 956 (1993).

The issue before this court presents a question of first impression. Neither party refers this court to any applicable case law, nor has our research revealed any cases interpreting the interplay between K.S.A. 39-718b and 39-719a with regard to the issue before this court. Moreover, the legislative history of these two statutes has failed to furnish this court with any insight into the legislature's intent as to the relationship between the two statutes.

K.S.A. 39-719a(a) provides that "[1] [w]here medical assistance has been paid by the secretary and [2] a third party has a legal obligation to pay such medical expenses to or on behalf of the recipient, the secretary may recover the same from the recipient or from the third party." It is undisputed that the first prong of the statute was met in that SRS paid for Kyle's medical expenses. However, the parties disagree as to the second prong of K.S.A. 39-719a; that is, whether Scott has a legal obligation to reimburse SRS for medical assistance furnished to Kyle.

Kansas has long recognized a parent's common-law duty to support his or her children. See *State ex rel. Secretary of SRS v. Castro*, 235 Kan. 704, 711-12, 684 P.2d 379 (1984). In this regard, K.S.A. 39-718b(a) provides that a child's parents are liable to repay the secretary of SRS for assistance expended upon the child's behalf "regardless of the specific program under which the assistance is or has been provided." However, this obligation does not apply where the "assistance [is] provided during a month in which the needs of the parent or guardian were included in the assistance

provided to the child." K.S.A. 39-718b(b)(2). Because Scott and Paula both received food stamps and medical cards for the family, the needs of Scott were included in the assistance provided to Kyle.

SRS does not argue that Scott does not fall under the exception at K.S.A. 39-718b(b)(2). However, SRS argues that because K.S.A. 39-719a is the specific statute, this statute controls over K.S.A. 39-718b. But for this rule to apply, some conflict must exist between the two statutes. In requiring that a conflict must exist between the statutes, our Supreme Court has stated: "General and special statutes should be read together and harmonized whenever possible, but to the extent a conflict between them exists, the special statute will prevail unless it appears the legislature intended to make the general statute controlling." *Kansas Racing Management, Inc. v. Kansas Racing Comm'n*, 244 Kan. 343, 353, 770 P.2d 423 (1989). Yet, SRS has failed to disclose to this court any such conflict between the two statutes to make the rule applicable.

Even assuming a conflict exists between K.S.A. 39-718b and K.S.A. 39-719a, SRS's argument still fails. Our Supreme Court has held that when an irreconcilable conflict exists between two statutes, the last enactment supersedes, repeals, or supplants the earlier by implication, since it is presumed the legislature did not intend to leave contradictory acts on the books. See *State v. Ricks*, 173 Kan. 660, 662, 250 P.2d 773 (1952). Here, K.S.A. 39-718b was enacted after K.S.A. 39-719a. Consequently, the legislative intent in K.S.A. 39-718b must govern.

Next, SRS argues in its brief that "[t]he plain language of this subsection [K.S.A. 39-718b(b)(2)] evidences an intent that a parent has no obligation to repay SRS for funds [ADC CASH BENEFITS] which SRS paid on the child's behalf." SRS further argues that " *'assistance provided during a month' language refers to ADC [cash] grants only* and has little or no meaning when considering a specific date of injury where medical expenses may be incurred on and/or after the date of injury." (Emphasis added.) This conclusion, however, is directly contrary to the language of K.S.A. 39-718b, which sets out that the parent's liability to reimburse the secretary for assistance furnished on a child's behalf exists *"regardless of the specific program under which the assistance is or*

*has been provided.*" (Emphasis added.) Because SRS offers no statutory support for its claim that 39-718b applies only to assistance provided under the ADC program, this argument also fails.

*Common-Law Duty of Support*

The trial court found, and SRS argued, that even if Scott does not have a statutory duty under K.S.A. 39-718b to provide for Kyle, SRS may recover based upon Scott's common-law duty of support. However, because K.S.A. 39-718b sets out a basis of recovery and includes enumerated exceptions, it would directly contravene the legislature's intent to make the exception inapplicable based upon the common law. Moreover, our appellate courts have stated:

"The legal principle is well established that administrative agencies are creatures of statute and their power is dependent upon authorizing statutes; therefore, any exercise of authority claimed by the agency must come from within the statutes either expressly or by clear implication. There is no general or common-law power that can be exercised by an administrative agency. *Pork Motel, Corp. v. Kansas Dept. of Health & Environment*, 234 Kan. 374, 378, 673 P.2d 1126 (1983); *Woods v. Midwest Conveyor Co.*, 231 Kan. at 770; 1 Am Jur. 2d, Administrative Law § 70, p. 866." *State ex rel. Secretary of S.R.S. v. Fomby*, 11 Kan. App. 2d 138, 141, 715 P.2d 1045 (1986).

See *Cline v. Meis*, 21 Kan. App. 2d 622, 626, 905 P.2d 1072 (1995), *rev. denied* 259 Kan. 927 (1996). Finally, our rules of statutory construction direct that legislative intent be " 'determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible.' " *Todd v. Kelly*, 251 Kan. 512, 516, 837 P.2d 381 (1992). Scott's argument that the legislature intended to modify his common-law duty to support his minor children is consistent with the language of K.S.A. 39-718b and the applicable rules of statutory construction.

Finally, SRS argues that K.S.A. 39-718b(e) provides that actions authorized under the statute are "in addition to and not in substitution for any other remedies." SRS argues that Scott's common-law duty to support Kyle is the "other remedy" as contemplated by the statute. However, recovery based upon Scott's parental

status is not *another remedy*, but the *same remedy* specifically defined by the legislature as a circumstance under which the Secretary may not seek reimbursement for assistance furnished to a minor child.

*Public Policy*

Both parties make public policy arguments. SRS argues that it contravenes public policy not to require that a parent reimburse the State for medical care provided a minor child. Scott argues that public policy and common sense are offended by efforts to recover medical assistance provided to a family which qualifies for and continues to receive public assistance and medical coverage. Discussing public policy during the pretrial conference, the trial court found it particularly egregious that Scott might have some future means of reimbursing the State for his son's medical expenses but be relieved of that obligation.

Nevertheless, the policy arguments are of limited value as neither party argues that K.S.A. 39-718b and K.S.A. 39-719a are ambiguous. "When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be." *Martindale v. Tenny*, 250 Kan. 621, Syl. ¶ 2, 829 P.2d 561 (1992). As our Supreme Court has stated: "Where the statute is plain and unambiguous, there is no room left for a judicial construction so as to change the language employed therein." *Ayers v. Comm'rs of Trego Co.*, 37 Kan. 240, Syl. ¶ 2, 15 Pac. 229 (1887).

Because we are reversing this matter based upon the exemption furnished Scott under K.S.A. 39-718b(b)(2), we need not address Scott's other arguments.

Reversed.