(948 P.2d 1140)

No. 77,406

STATE OF KANSAS, *ex rel.* SECRETARY, DEPARTMENT OF SOCIAL AND REHABILITATION SERVICES, RACHEL A. SHULER, individually and as parent and next friend of N.K.S., a minor child, *Appellant,* v. ALLEN L. CUNNINGHAM, *Appellee.*

—

Opinion filed November 26, 1997.

*J. Scott Thompson,* of Kansas Department of Social and Rehabilitation Services, of Topeka, for appellant.

No appearance for appellee.

Before PIERRON, P.J., GREEN, J., and ERIC S. ROSEN, District Judge, assigned.

GREEN, J.: The Kansas Department of Social and Rehabilitation Services (SRS) appeals from the trial court's judgment denying SRS's claim for reimbursement of medical assistance. SRS sued Allen L. Cunningham, seeking to establish Cunningham as the father of N.K.S. and to recover monies expended on behalf of N.K.S. The trial court determined that Cunningham was the father of N.K.S., granted judgment in favor of SRS for unreimbursed payments made under the Aid to Families with Dependent Children (AFDC) program, and denied SRS's claim for reimbursement of birth and medical expenses. We reverse and remand.

Seeking to establish paternity and to secure child support and health insurance orders for N.K.S., SRS sued Cunningham under K.S.A. 39-718b. SRS also sought judgment against Cunningham for the AFDC payments and for the birth and medical expenses incurred by SRS on N.K.S.'s behalf.

At the hearing, SRS told the trial court that it had expended $15,853.27 in birth and medical expenses for N.K.S. and asked the trial court for an order of reimbursement against Cunningham in that amount in addition to the other support and reimbursement orders sought. Cunningham stipulated that blood tests confirmed that he was N.K.S.'s father, that the trial court should issue a support order against him for $131 per month, and that the trial court should enter judgment against him for $1,797.67 for reimbursement of AFDC benefits paid by SRS.

The trial court ordered Cunningham to pay support of $131 per month in child support and to reimburse SRS for $1,797.67 in AFDC benefits. However, with regard to medical assistance, the trial court concluded that SRS had brought its action under the wrong section because K.S.A. 39-718b refers only to "assistance." The trial court noted that "assistance" and "medical assistance" are defined separately in K.S.A. 39-702(d) and (f). The trial court determined that K.S.A. 39-718b does not apply to medical expenses and, therefore, declined to enter an order for reimbursement of such expenses against Cunningham.

The trial court made its decision based on its interpretation of K.S.A. 39-702, K.S.A. 39-718b, and K.S.A. 39-719a, which allows an action for the recovery of medical assistance. Interpretation of statutes is a question of law over which this court exercises unlimited review. See *State ex rel. Secretary of SRS v. Guy*, 23 Kan. App. 2d 943, Syl. ¶ 1, 937 P.2d 1252 (1997).

K.S.A. 39-702(d) defines "assistance" as follows:

" 'Assistance' includes such items or functions as the giving or providing of money, food stamps or coupons, food, clothing, shelter, medicine or other materials, the giving of any service, including instructive or scientific, and the providing of institutional care, which may be necessary or helpful to the recipient in providing the necessities of life for the recipient and the recipient's dependents. The definitions of social welfare service and assistance in this section shall be deemed as partially descriptive and not limiting."

K.S.A. 39-702(f) defines "medical assistance":

" 'Medical assistance' means the payment of all or part of the cost of necessary: (1) Medical, remedial, rehabilitative or preventive care and services which are within the scope of services to be provided under a medical·care plan developed

by the secretary . . . and (2) transportation to obtain care and services which are within the scope of services to be provided under a medical care plan developed by the secretary pursuant to this act."

K.S.A. 39-718b provides in pertinent part:

"(a) Except as provided in subsection (b), a child's parent, parents or guardian shall be liable to repay to [SRS] any assistance expended on the child's behalf, *regardless of the specific program under which the assistance is or has been provided.* When more than one person is legally obligated to support the child, liability to the secretary shall be joint and several. The secretary shall have the power and authority to file a civil action in the name of the secretary for repayment of the assistance, regardless of the existence of any other action involving the support of the child." (Emphasis added.)

No argument was made that Cunningham qualified for one of the exceptions listed in K.S.A. 39-718b(b). See *Guy*, 23 Kan. App. 2d at 945.

SRS argues that the word "assistance" as used in K.S.A. 39-718b was intended to apply to all kinds of assistance, including medical assistance, and that the separate definitions for "assistance" and "medical assistance" in K.S.A. 39-702 were not intended to exclude medical assistance from the reimbursement liability provisions of K.S.A. 39-718b. We agree. SRS offers three arguments to support this interpretation. First, SRS notes that K.S.A. 39-718b(a) states that a parent is liable to repay SRS for "any assistance" provided to a child, "regardless of the specific program" under which the assistance was provided.

Second, SRS urges that the defining language of K.S.A. 39-702(f) is broad enough to encompass all kinds of assistance. K.S.A. 39-702(d) refers to "medicine or other materials, the giving of any service, including . . . scientific, and the providing of institutional care," all of which could refer to medical expenses. SRS also emphasizes that the last sentence in the definition of "assistance" specifically states that the definition of assistance is partially descriptive and not limiting.

Finally, SRS notes numerous instances where the word "assistance" is used in the Social Welfare Act, K.S.A. 39-701 *et seq.*, even though it is clear that the legislature is referring to all kinds of assistance, including medical assistance. See, *e.g.*, K.S.A. 39-701

(declaring the policy of the state to assist the needy and, where necessary, their relatives "in providing the necessary assistance for dependents"); K.S.A. 1996 Supp. 39-708c(a) (directing the Secretary of SRS to develop state plans for "furnishing assistance and services to eligible individuals"); K.S.A. 39-719b (providing that if "assistance was obtained by an ineligible recipient, the total amount of the assistance may be recovered by the secretary"); K.S.A. 39-720 (making the fraudulent receipt of "assistance to which the applicant or client is not entitled" a crime). SRS argues that, just as in the case of the above statutes, an interpretation of K.S.A. 39-718b which excludes medical assistance would be unduly restrictive.

The first of SRS's arguments—the one based on the "regardless of the specific program" language of K.S.A. 39-718b—was relied on by this court in *Guy*, 23 Kan. App. 2d at 947-48, to find that medical expenses are included under the K.S.A. 39-718b reimbursement provisions. Although in *Guy* SRS relied on K.S.A. 39-718b and K.S.A. 39-719a in its petition, it was not necessary in this case for SRS to also name K.S.A. 39-719a as authority for the action. Accordingly, SRS's failure to list K.S.A. 39-719a as authority for its action in its petition did not affect the validity of SRS's cause of action against Cunningham.

Reversed and remanded with directions to the trial court to enter judgment against Allen L. Cunningham and Rachel A. Shuler, jointly and severally, for the birth and medical expenses incurred by SRS on N.K.S.'s behalf, except if Shuler is totally exempted from payment of any of these expenses by one or more of the exceptions listed in K.S.A. 39-718b(b), judgment shall be entered solely against Cunningham.