(121 P.3d 458)

No. 92,772

STATE OF KANSAS, *ex rel.* SECRETARY, KANSAS DEPARTMENT OF SOCIAL AND REHABILITATION SERVICES, *Appellee*, v. RUSSELL M. RICE, *Appellant*, and ALAYNE L. BROWN, *Respondent.*

Opinion filed October 14, 2005.

*Henry H. Blase*, of Law Offices of Blase & Blase, of Wichita, for the appellant.

*Randy M. Barker*, of Kansas Department of Social and Rehabilitation Services, of Topeka, for the appellee.

No appearance by respondent.

Before PIERRON, P.J., CAPLINGER, J.; and BUKATY, S.J.

BUKATY, J.: Russell M. Rice appeals the order of the district court requiring him to reimburse the Kansas Department of Social and Rehabilitation Services (SRS) for amounts it paid for support of two of his children prior to Rice's parental rights being terminated. No judgment had been rendered for such support prior to the termination. We affirm.

The parties do not dispute the underlying facts. The reimbursement at issue in this appeal involves two natural children of Rice, one born in July 1985, the other born in December 1986. SRS provided the children with financial assistance in the amount of $7,867 during the period of December 1996 through May 1999. It also provided the children with medical care payments in the amount of $6,041.66. By a hearing held on October 10, 1997, and a journal entry filed January 14, 1998, the district court terminated Rice's parental rights to the children. This court affirmed the termination order in an unpublished opinion.

On April 30, 1999, SRS filed a petition for reimbursement for past child support and medical payments made on behalf of the two children and for continued support. SRS subsequently revised its demand to request only reimbursement for the child support and the medical expenses it paid prior to the termination of parental rights order. Ultimately, the parties stipulated that SRS had provided a total of $4,027.86 for the care of the two children prior to the termination order.

Relying upon K.S.A. 39-718b and *In re Morgan*, 24 Kan. App. 2d 324, 943 P.2d 77 (1997), the district court concluded that SRS was entitled to reimbursement of expenditures made prior to the termination of parental rights. In its June 2004 reimbursement order, the court awarded judgment against Rice and Alayne L. Brown, jointly and severally, in the amount of $3,756.86. We are not sure why the amount differs from the amount stipulated to for the care provided by SRS prior to the termination of Rice's parental rights.

The only issue in this appeal is whether SRS can claim reimbursement for expenditures it made prior to the termination order

when no judgment or other court order had been entered prior to that time to establish Rice's obligation for support or reimbursement to SRS. This issue requires us to determine the scope and extent of SRS's authority to recoup expenditures pursuant to K.S.A. 39-718b. Interpretation of a statute is a question of law over which this court possesses unlimited review. See *State ex rel. Secretary of SRS v. Cook*, 29 Kan. App. 2d 292, 293, 26 P.3d 76 (2001).

In pertinent part, K.S.A. 39-718b provides:

"(a) Except as provided in subsection (b), a child's parent, parents or guardian shall be liable to repay to the secretary of social and rehabilitation services any assistance expended on the child's behalf, regardless of the specific program under which the assistance is or has been provided. When more than one person is legally obligated to support the child, liability to the secretary shall be joint and several. The secretary shall have the power and authority to file a civil action in the name of the secretary for repayment of the assistance, regardless of the existence of any other action involving the support of the child."

In construing any statute, a court must give effect to the intent of legislature, if the intent may be ascertained. Where a statute is unambiguous, the legislature is presumed to have effected its intent in the language of the statutory scheme enacted. See *Pieren-Abbott v. Kansas Dept. of Revenue*, 279 Kan. 83, 88, 106 P.3d 492 (2005). Unless specifically defined by statute, words should be given their ordinary meaning, and a statute should not be interpreted to include or exclude meanings generally attached to those words. See *GT, Kansas, L.L.C. v. Riley County Register of Deeds*, 271 Kan. 311, 316, 22 P.3d 600 (2001).

K.S.A. 39-718b is not ambiguous. Other than clearly defined exceptions, which neither party has shown to be applicable here, any parent or legal guardian of a child is liable to repay *any* assistance expended on behalf of that child by SRS. Kansas courts have determined that this duty ceases once a parent's rights and obligations are terminated by law. See *State ex rel. Secretary of SRS v. Clear*, 248 Kan. 109, 804 P.2d 961 (1991).

"A person who has relinquished parental rights through adoption, a voluntary termination of parental rights, or an involuntary severance of parental rights is no longer a parent. These statutory procedures contemplate a complete severance of the child's ties and relationship with his or her natural parents. The parent whose

rights have been severed is relieved of all duties and obligations to the child." *Clear*, 248 Kan. at 117.

Relying upon *Clear*, Rice claims that since he no longer is a parent of the children who received SRS assistance, he is no longer liable for any SRS expenditures on behalf of the children regardless of when the expenditures were made. His reliance is misplaced. The Kansas Supreme Court clarified and expanded upon *Clear* in *Michels v. Weingartner*, 254 Kan. 44, 864 P.2d 1189 (1993). The court, while acknowledging the holding in *Clear*, ruled that a parent whose rights had been terminated was still liable after severance of parental rights for payment of child support which became due prior to the termination. *Michels*, 254 Kan. at 47-49.

Rice's argument that *Michels* is distinguishable on the facts is without merit. He urges that *Michels* involved private child support payments where a judgment was in effect against an individual prior to termination of his parental rights as opposed to a claim after termination by SRS for reimbursement of public funds expended to support the child prior to termination. We find no basis either in the statutes or sound public policy for distinguishing the two situations.

It is true that child support payments differ in at least one respect from the type of assistance expended by SRS in caring for the needs of a child. Child support is a judicially imposed obligation determined according to a parent's ability to provide for the child as established by court-created guidelines. In contrast, reimbursement for assistance expended by SRS for the needs of a child is a statutorily imposed obligation determined solely by SRS expenditures on behalf of the child. See *Cook*, 29 Kan. App. 2d at 295.

Whether or not a child support order is in effect, Kansas courts have recognized a common-law duty on the part of parents to provide for their children. Courts will recognize an action brought to enforce this duty under an equitable theory. See *State ex rel. Secretary of SRS v. Guy*, 23 Kan. App. 2d 943, 946, 937 P.2d 1252 (1997) (citing *State ex rel. Secretary of SRS v. Castro*, 235 Kan. 704, 711-12, 684 P.2d 379 [1984]).

" ' "The duty of parents to provide for the *maintenance* of their children, is a principle of natural law; an obligation . . . laid on them not only by nature her-

self, but by their own proper act, in bringing them into the world; for they would be in the highest manner injurious to their issue, if they only gave their children life that they might afterwards see them perish. By begetting them therefore, they have entered into a voluntary obligation, to endeavor, as far as in them lies, that the life which they have bestowed shall be supported and preserved. And thus the children will have a perfect *right* of receiving maintenance from their parents." [Citations omitted.]' " *Castro*, 235 Kan. at 712.

The State, in the exercise of its *parens patriae* duties, is authorized to provide assistance to children who are not receiving adequate provision by their parents. However, if such assistance is provided while the duty to provide for the child rests with a parent or legal guardian, the State is entitled to recoup its expenditures made in providing for the children. K.S.A. 39-718b; See *In re Marriage of Walje*, 19 Kan. App. 2d 809, 811, 877 P.2d 7, *rev. denied* 255 Kan. 1002 (1994).

Until a parent's rights to a particular child are legally terminated, the duty to provide for that child remains. If the State is required to intervene to provide assistance for the benefit of the child during that time, a debt is created against the parent by operation of the statute and the common law. The liability of the parent arises at the time SRS provides the assistance, and there is no sound reason why a subsequent termination order should relieve or satisfy that debt liability. The State may properly enforce that debt by filing an action for reimbursement against the parent under K.S.A. 39-718b. We hold that it is the status of the parent at the time SRS provided support to the child as opposed to the status of the parent at the time SRS makes its claim that determines responsibility for reimbursement. The date the claim for support is made— whether it be for direct support as in *Michels* or for reimbursement of public funds as here—is immaterial.

Rice presents no persuasive argument for treating the statutorily imposed obligation of a parent to reimburse SRS for its support of his or her child differently from his or her obligation to provide direct support to the child. Adopting Rice's argument would foreclose SRS from seeking reimbursement for expenses incurred on behalf of a child when the bills for the services provided have not been processed before parental rights are terminated. There is

nothing within the language of K.S.A. 39-718b to suggest that the Kansas Legislature intended such a result.

Affirmed.