The State v. Cutler.

## The State of Kansas v. Abram Cutler.

1. Injunction — *Violation of; Jurisdiction of Judge at Chambers.* An injunction may be granted by the judge of the district court at chambers; and a charge for the violation of such injunction may be heard and determined by such judge at chambers.

2. Contempts; *Trial for.* Where such a charge is tried by the judge of the district court at chambers, and no jury is asked for, and no objection is made, nor exception taken to the action of the judge in trying the case without a jury, *held*, that such judge does not commit error in trying said charge without a jury. And *semble*, (but not decided,) that a party charged with *contempt* is not entitled to a trial by jury in any case.

3. ———— *Party; Railway Company — its Officers.* Where an injunction is issued against a railway company, its assigns, agents, employes, and any one acting by its authority or in its behalf, but not against the present defendant by name; and the present defendant is the president of the railway company, and owns a majority of its stock, and has by contract with the railway company full control of all the property, franchises and privileges of the railway company, and where the present defendant afterward, with notice of said injunction, does what the company is prohibited from doing, *held*, that he may be prosecuted for a violation of said injunction.

4. ———— *Summary Proceeding.* The proceeding for the violation of an injunction is a summary proceeding, and the charge may be tried upon the original affidavit filed in such proceeding, and not upon any formal pleadings.

### Error from Saline District Court.

On the 21st of July, 1873, in action then pending in the Saline district court, wherein Catherine Warry was plaintiff, and Republican, Salina & Arkansas Valley Railway Company was defendant, the judge of said district court, at chambers, granted "an injunction against the Republican, Salina & Arkansas Valley Railway Co., restraining said company, its assigns, employes, agents, or any one acting in behalf of said company, from entering upon, converting to its own use, cutting, excavating, digging or in any way injuring the lands of the said Catherine Warry." *Abram Cutler* owned a majority of the stock of said Railway Company, and was the president of said corporation. On the 9th of September, 1873,

(said injunction not being dissolved, but remaining in full force,) an affidavit was made and presented to said judge, by the agent of said Catherine Warry, alleging that, "in violation of said injunction and order, the said company, by and through the directions of one *Abram Cutler*, and under his full control, with its employes and workmen came upon the said lands of the said plaintiff in her petition for injunction above mentioned described, on the morning of September 9th 1873, and did cut, excavate, dig, and otherwise do great injury to the plaintiff's said lands," and praying that the parties violating said injunction might be arrested for the contempt and violation of said order of injunction. Said judge issued an order to the sheriff commanding him to arrest said *Cutler* and to bring him before said judge forthwith, "to answer unto *The State of Kansas* for a certain contempt alleged against him," etc. *Cutler* was arrested on said warrant, and taken before the judge, at chambers, on the 10th of September. He demurred to the jurisdiction of the judge to try him and render judgment against him for such alleged contempt, at chambers, which summons was overruled, and an exception taken. He then moved to be discharged on the grounds that no injunction had been issued against him, and none had been served on him; and that the affidavit for said attachment did not state facts sufficient to constitute a breach of the injunction, which motion was overruled, and an exception taken. And thereupon, said judge, without any plea or answer being asked for or entered by *Cutler*, heard the evidence, tried the case, and adjudged that *Cutler* pay a fine of $100 and costs. To reverse this order and judgment, *Cutler* appeals to this court.

*John Foster*, for the appellant:

1. A breach of an injunction is a public offense; § 2, Crim. Code; § 247, Civil Code. A person *charged* therewith is proceeded against under the criminal code unless the act is committed in the presence of the court, or judge sitting at chambers; (§ 6, Crim. Code.) And he is tried by a jury;

§ 197, Crim. Code; Const., §§ 5 and 10 of Bill of Rights. The judge at chambers had no jurisdiction to proceed to a final determination of the cause; § 247, Civil Code; § 2 of ch. 28, Gen. Stat.

2. There was no injunction against Cutler. It was against the Railway Company. In the action of Warry against the Railway Company, Abram Cutler, on his own application, after the order of injunction was granted, was made a defendant. He then moved to dissolve the injunction, but the district judge held that he (Cutler) had no such interest as entitled him to the granting of a motion to dissolve. His arrest for violating said injunction was illegal, and he should have been discharged. 4 Blatch. C. C., 190; 20 How., 358; 3 Abbott's Pr., 211.

3. The affidavit on which the arrest was made, which is the only pleading in this case, is insufficient. It sets forth that the injunction was granted by the *district judge*, and does not allege any injunction against Cutler, or the service of any order of injunction on him. The motion for a new trial should have been granted.

4. Illegal testimony was admitted. The judgment is not sustained by sufficient evidence. It does not appear that Cutler was even acting for said railway corporation, or that he had anything to do with the act complained of.

*Henry Logan*, and *H. G. Shelden*, for The State:

1. A breach of an injunction is an offense against the dignity of the court or judge issuing the same, to be punished as a contempt exclusively by the same authority, and not to be tried by a jury. Sec. 247, Civil Code.

2. The voluntary appearance of a defendant is equivalent to service. Sec. 67, Civil Code, Stat. 1868, page 642. And having thus made his appearance in the civil action, and made a party, Cutler is as much bound as though originally served with summons.

3. The injunction of a court of competent jurisdiction must be obeyed, so long as it exists, by all parties upon whom it

has been served: (2 N. Y., 266; 28 How., 120.) And even though it has not been served, if the defendant have actual knowledge or information that it has been granted, he is bound to obey it: (5 Abb., 251; 9 N. Y., 278; Thompson's Prov. Rem., 330, § 6.) Cutler was connected with and interested in the Railway Company, and was as much bound by the injunction as his principal. 6 How., 124; 19 Barb., 361; 1 Duer, 451; 9 N. Y., 263; 3 Paige, 253; 4 Paige, 444, 450.

The opinion of the court was delivered by

VALENTINE, J.: The defendant Abram Cutler was charged with violating an order of injunction. The injunction was granted by the judge of the district court at chambers, and the trial was had before said judge at chambers.

**1. Jurisdiction of judge at chambers.** The first question, raised in this case is, with regard to the jurisdiction of the said district judge to hear and determine said charge. The constitution of this state provides that "The several justices and judges of the courts of record in this state shall have such jurisdiction at chambers as may be provided by law." (Const., art. 3, § 16.) The law provides that the several judges of the district court may at chambers grant injunctions; (Gen. Stat., 675, § 239;) and the law also provides that the several judges of the district courts may at chambers punish as for a contempt any person for disobedience of an injunction order. (Gen. Stat., 676, § 247; id., 304, § 2.)

But it is claimed that the trial should have been by jury. Now, in the first place, the defendant did not ask for a jury; and he made no objection and took no exception to the action of the judge in trying the case without a jury; and secondly, we hardly think that the constitution or laws ever contemplated that a jury should be impanneled in a case like this. It is true, that this kind of a proceeding is in the nature of a criminal prosecution, and perhaps might come within the words of § 10 of the Bill of Rights, and § 197 of the code of criminal procedure; but still it can hardly be possible that it was ever intended that a case like this, or any case for contempt, should be tried by a jury. Such a thing

**2. Contempts—(not triable by jury.)**

has never been done that we are aware of. We have never heard or read of a judge impanneling a jury to try a proceeding at chambers; and it was never the right of a party to demand a jury to try a charge for disobedience to an injunction order. If a party has a right to demand a jury in this case, then every trial for contempt must be by jury, if a jury should be demanded. We do not now however choose to decide that a defendant in a case like this is not entitled to a jury if he should demand it; for the defendant in this case did not demand a jury. All that we now decide is, that the judge under the facts and circumstances of this particular case did not err in trying the case himself and without a jury. The proceeding was regularly tried under § 247 of the code of civil procedure. (Gen. Stat., 676.)

The injunction was allowed and issued against the Republican, Salina & Arkansas Valley Railway Co., "its assigns,
3. Party—corporation—officers.      its agents, its employes, and any one acting by its authority or in its behalf," and not against Abram Cutler by name. In fact, he was not a party to the suit when the injunction was granted. But afterward he became a party thereto on his own motion, and was a party to the suit at the time of the alleged breach of said injunction order. Evidence was introduced showing that he owned a majority of the stock in said railway company, that he was president of the company, that he had leased the road from the company for ninety-nine years, that he had and was to have the full control and management of the same for that period of time, and that he "was to survey and locate the line of road of the said R., S. & A. V. Rly., and obtain the right of way and depot grounds of and for said railway in the name of the Republican, Salina & Arkansas Valley Railway Company, but under his own full direction and control, and at his own expense." The injunction was granted to restrain the railway company, its assigns, etc., from constructing its road into or through the farm of Catherine Warry. The road was afterward so constructed, and we think the evidence shows that it was so constructed with the

approbation, the approval, and even by order and under the direction of the defendant. The evidence also shows that the defendant had notice of the injunction. The question now arising is, whether the defendant under these facts can be held guilty of a violation of said injunction, the injunction not having been issued against him personally. We think it can. Persons may often be held liable for the breach of an injunction although not personally named in the injunction, nor even parties to the suit. (Thompson on Provisional Remedies, 331; High on Injunctions, §§ 859, 863, and see cases cited in brief for *The State*, in this case.)

The proceeding for the violation of an injunction is a summary proceeding, and the charge may be tried upon the original affidavit filed in such proceeding, and not upon any formal pleadings. (Civil Code, § 247.)

The "illegal testimony" complained of by defendant is not very specifically pointed out; and we have failed to discover any illegal testimony, duly excepted to, prejudicial to the defendant. We think there is sufficient evidence to sustain the finding of the judge of the court below.

There may be some other questions in this case not raised by counsel's briefs, but we do not wish to be understood as deciding anything not specifically mentioned in this opinion.

The judgment of the judge of the court below is affirmed.

All the Justices concurring.