476 So.2d 107 (1985)
J.P. HOLMAN, as Administrator of the Estate of James Randall Holman, deceased,
v.
ALABAMA FARM BUREAU MUTUAL CASUALTY INSURANCE COMPANY.
84-192.
Supreme Court of Alabama.
September 13, 1985.
Kenneth J. Mendelsohn of Beasley & Wilson, Montgomery, for appellant.
John F. Dillon IV of Dillon, Kelley & Brown, Alexander City, for appellee.
PER CURIAM.
This appeal by J.P. Holman, as administrator of the estate of his son, James Holman, is from a declaratory judgment denying J.P. Holman a defense and coverage in a tort action brought against James Holman. This judgment was based upon the trial court's finding that James Holman had violated a clause in the insurance contract which excluded coverage for "bodily injury or property damage which is expected or intended by the insured."
Alabama Farm Bureau Mutual Casualty Insurance Company, Inc. (Farm Bureau), issued a homeowner's policy to J.P. Holman which contained the following exclusion:
"1. Coverage EPersonal Liability and Coverage FMedical Payments to Others do not apply to:
a. Bodily injury or property damage which is expected or intended by the insured."
*108 James Holman, as a member of the J.P. Holman household, was covered by this policy.
The plaintiff in the lawsuit against James Holman, Bruce Carlton, complained that he was assaulted, beaten, robbed, and deprived of property by James Holman on the morning of August 21, 1983. Carlton sued the Holman estate for damages arising from this incident. J.P. Holman (Holman) demanded that Farm Bureau defend this suit under the terms of his homeowner's insurance. Instead, Farm Bureau filed a complaint for declaratory judgment, seeking a declaration of rights under its insurance contract with Holman.
In his answer to this complaint, Holman requested trial by jury, but the trial court struck the jury demand, heard the evidence without a jury, and entered judgment in favor of Farm Bureau. Holman filed a motion for new trial, but it was denied by the trial court. Holman appeals.
The issues for review are:
(I) Did the trial court err in striking Holman's jury demand?
(II) Is there sufficient evidence to support the trial court's judgment in favor of Farm Bureau?

I
In declaratory judgment actions, where the insurer asks for a declaration to the effect that it is under no obligation to the insured, the insured is entitled to a jury trial upon proper demand. Major v. Standard Accident Insurance Co., 272 Ala. 22, 128 So.2d 105 (1961). The appellant Holman did make a proper jury demand. However, this Court must consider whether Holman subsequently waived this demand at the time of the ore tenus, nonjury trial.
This Court, in Ingram v. Omelet Shoppe, Inc., 388 So.2d 190 (Ala.1980), has held that appellant's request for a jury trial does not preclude waiver of that request. Waiver of a jury demand may arise from "any conduct or acquiesence inconsistent with an intent to insist upon jury trial." Id., at 195, quoting Elwood-Gladden Drainage Dist. of Doniphan County v. Ramsel, 206 Kan. 75, 79, 476 P.2d 696, 700 (1970). Holman made a demand for a jury trial on August 1, 1984. On September 14, 1984, the case was tried ore tenus without a jury. No objection was made at that time to the fact that there was no jury. On September 17, 1984, the trial court entered an order formally striking the jury demand. Appellant's "conduct or acquiescence" in participating in the hearing without requesting a ruling on the jury demand or objecting to the lack of a jury is inconsistent with an intent to insist upon jury trial. Therefore, Holman's contention that a jury trial was improperly denied is without merit.

II
Whether an exclusion like that in Holman's insurance policy, relating to "bodily injury or property damage which is expected or intended by the insured," has been violated is a question of fact, and not of law. Hartford Fire Insurance Co. v. Blakeney, 340 So.2d 754 (Ala.1976). When the trial court is the factfinder, various presumptions of correctness control. Under the ore tenus rule, when the trial court hears disputed evidence presented ore tenus without a jury, its findings of fact are favored with a presumption of correctness and will not be disturbed on appeal unless clearly erroneous or unsupported by credible evidence under any reasonable aspect of that evidence. Stallworth v. First National Bank of Mobile, 432 So.2d 1222 (Ala.1983).
In light of this presumption, with regard to whether there is sufficient evidence to support the judgment of the trial court, the record shows the following:
On the evening of August 20, 1983, at the Exit Inn, a bar in Tallapoosa County, Bruce Carlton shot three games of pool for money against James Holman. James won two games, but Carlton won the other. In the early morning, Carlton finally left the *109 bar for home. James apparently left soon after.
While driving down the highway, James spotted Carlton's car. Turning to his passenger, Harold Dozier, who testified to these events at trial, James declared "that's that son of a bitch that took all my money from me." James followed Carlton. When he caught up to Carlton, he forced him to pull over.
When Carlton rolled down his window to speak to his follower, James, without warning, hit Carlton in the face with his fist. In the dark, Carlton could not recognize his attacker; Dozier testified that the attacker was James Holman.
James continued to strike Carlton in the face. After six or seven blows to the face, Carlton tried to protect himself by lying down in the car seat. Dozier testified James pulled a gun on him when he tried to help Carlton. James used the gun to strike a blow to Carlton's head. He then robbed Carlton, set fire to his car, and drove away.
We cannot say the trial court's judgment was clearly erroneous or unsupported by credible evidence. Based upon all this evidence, for the purpose of determining the applicability of the insurance policy exclusion, the trial court could reasonably have concluded that James Holman intended to cause bodily injury to Bruce Carlton and damage to Carlton's property.
For the foregoing reasons, the judgment below is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON, BEATTY and ADAMS, JJ., concur.