No. 111,972

DAVID H. NEIGHBOR, *Appellant*, v. WESTAR ENERGY, INC., *Appellee*.

(349 P.3d 469)

Opinion filed May 8, 2015.

*Thomas E. Hammond, II*, of Gates, Shields & Ferguson, P.A., of Overland Park, argued the cause, and *Eldon J. Shields*, of the same firm, was with him on the brief for appellant.

*Michael S. Heptig*, of Sloan, Eisenbarth, Glassman, McEntire & Jarboe, LLC, of Topeka, argued the cause, and *Vernon L. Jarboe*, of the same firm, was with him on the brief for appellee.

The opinion of the court was delivered by

Nuss, C.J.: This case requires us to determine whether the Kansas saving statute applies to appeals from appraisers' awards in eminent domain proceedings. Landowner David Neighbor timely filed his appeal under K.S.A. 2014 Supp. 26-508, and the district court later granted his motion to dismiss it without prejudice. About 5 months later Neighbor appealed again, relying upon K.S.A. 60-518 to save the appeal from an otherwise untimely filing frailty. The district court ruled the saving statute does not apply in an eminent domain appeal. So the court declared Neighbor's second appeal untimely and dismissed it with prejudice.

We disagree with the district court. K.S.A. 2014 Supp. 26-508 provides that in eminent domain cases, "[t]he appeal shall be docketed as a new civil action, the docket fee of a new court action shall be collected and the appeal shall be tried as any other civil action." Civil actions are generally governed by the time limitations in Article 5 of the Kansas Code of Civil Procedure, K.S.A. 60-101 *et seq.* Because Article 5 of the code includes K.S.A. 60-518, the saving statute applies to such eminent domain appeals. Accordingly, we reverse the district court's dismissal and remand for further proceedings.

## FACTS

The facts are undisputed. In October 2011, Westar Energy, Inc. (Westar) sought an easement over real estate owned by Neighbor through a condemnation proceeding under the Eminent Domain Procedure Act (EDPA), K.S.A. 26-501 *et seq.* In accordance with the EDPA, the district court determined Westar had the power of eminent domain and that the taking was necessary to Westar's lawful corporate purpose. It then appointed three appraisers to determine Neighbor's compensation for the taking. See K.S.A. 2014 Supp. 26-504 (describing eminent domain procedure).

On February 6, 2012, the appraisers filed their report with the district court, and Westar paid the appraisers' award to the clerk of the court. On February 27, 2012, Neighbor properly appealed their award to the district court under K.S.A. 2014 Supp. 26-508 by timely filing his notice of appeal.

On May 20, 2013, Neighbor filed a motion to dismiss his appeal without prejudice. The district court granted the motion on June 6.

Approximately 5 months later, on November 25, Neighbor filed a second notice of appeal, purporting to again appeal the appraisers' award under K.S.A. 2014 Supp. 26-508. He also cited Kansas' saving statute, K.S.A. 60-518, as authority for allowing his otherwise untimely second appeal. Westar moved to dismiss. It argued K.S.A. 60-518 does not apply to an appeal of an appraisers' award permitted under K.S.A. 2014 Supp. 26-508 and therefore his second appeal should be barred as untimely.

After a hearing, the district court agreed with Westar, dismissing Neighbor's appeal with prejudice. We have jurisdiction under K.S.A. 2014 Supp. 26-504, which provides for a direct appeal to this court of any final district court order under the EDPA.

## ANALYSIS

Issue: *The district court erred by dismissing Neighbor's second appeal as untimely based upon its conclusion K.S.A. 60-518 does not apply to an appeal of the appraisers' award under the EDPA.*

Neighbor contends the district court erred by granting Westar's motion to dismiss because K.S.A. 60-518—the general saving provision contained in the code of civil procedure—allows his otherwise untimely second appeal. Westar responds the untimely appeal cannot be saved and the court properly dismissed it under our caselaw.

### Standard of review and principles of statutory interpretation

This case requires us to interpret K.S.A. 2014 Supp. 26-508 and K.S.A. 60-518. We exercise unlimited review over questions of statutory interpretation. *In re Estate of Strader*, 301 Kan. 50, 55, 339 P.3d 769 (2014). In exercising our unlimited review, we acknowledge that

"[t]he fundamental rule to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained. When language is plain and unambiguous, there is no need to resort to statutory construction. An appellate court merely interprets the language as it appears; it is not free to speculate

and cannot read into the statute language not readily found there." 301 Kan. at 55.

Statutory language is "our paramount consideration because 'the best and only safe rule for ascertaining the intention of the makers of any written law is to abide by the language they have used.' " 301 Kan. at 55 (quoting *State v. Looney*, 299 Kan. 903, 906, 327 P.3d 425 [2014]). But even when various statutory provisions are unambiguous, we may still construe them in pari materia with a view of reconciling and bringing the provisions into workable harmony. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 918, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013).

## Discussion

K.S.A. 2014 Supp. 26-508(a) allows parties in an eminent domain action to appeal the appraisers' award. It provides in pertinent part:

"If the plaintiff, or any defendant, is dissatisfied with the award of the appraisers, such party, within 30 days after the filing of the appraisers' report, may appeal from the award by filing a written notice of appeal with the clerk of the district court. The appeal shall be deemed perfected upon the filing of the notice of appeal. . . . An appeal by the plaintiff or any defendant shall bring the issue of damages to all interests in the tract before the court for trial de novo. *The appeal shall be docketed as a new civil action, the docket fee of a new court action shall be collected and the appeal shall be tried as any other civil action.* The only issue to be determined therein shall be the compensation required by K.S.A. 26-513, and amendments thereto." (Emphasis added.)

The parties agree Neighbor complied with this statute when he filed his initial notice of appeal in February 2012. But they disagree about whether he was entitled to again appeal in November 2013—this time relying upon K.S.A. 60-518—after his voluntary dismissal without prejudice. That statute provides:

"If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if the plaintiff die, and the cause of action survive, his or her representatives may commence a new action within six (6) months after such failure." K.S.A. 60-518.

Neighbor contends that once he perfected his initial appeal under K.S.A. 2014 Supp. 26-508, that statute's express language requiring the appeal to "be tried as any other civil action" effectively deemed his appeal a new civil action to which K.S.A. 60-518 applies. So he argues that per the statute's requirements, his initial action was commenced within due time; it failed but without prejudice; his statutory time limit for refiling expired; but he commenced his new action within 6 months of the failure.

Westar counters that the language of K.S.A. 2014 Supp. 26-508 applies only to the trial phase of an eminent domain appeal, not to any pretrial proceedings. For support, Westar cites our decisions in *Elwood-Gladden Drainage District v. Ramsel*, 206 Kan. 75, 476 P.2d 696 (1970), and *City of Wellington v. Miller*, 200 Kan. 651, 438 P.2d 53 (1968). In *Ramsel*, we suggested a predecessor to K.S.A. 2014 Supp. 26-508 " 'applies to the presentation of the facts and not to the formation of the pleadings.' " 206 Kan. at 77 (quoting *Miller*, 200 Kan. at 652).

We reject Westar's argument and agree with Neighbor. K.S.A. 2014 Supp. 26-508 expressly provides in relevant part: "The appeal shall be docketed as a new civil action, the docket fee of a new court action shall be collected and the appeal shall be tried as any other civil action." Considering these independent clauses together, the statute requires an eminent domain appeal, including pretrial proceedings, to proceed as any other civil action.

As a "civil action," an eminent domain appeal is generally governed by the time limitations in Article 5 of the code of civil procedure, K.S.A. 60-101 *et seq.* See K.S.A. 60-501 ("The provisions of this article govern the limitation of time for commencing *civil actions*, except where a different limitation is specifically provided by statute." [Emphasis added.]). The saving statute, K.S.A. 60-518, is one of those provisions included in Article 5. While K.S.A. 2014 Supp. 26-508 does provide a different time limitation for filing an eminent domain appeal—30 days from the filing of the appraisers' report—neither it nor the rest of the EDPA specifically provides a time limitation different from the code of civil procedure for saving a dismissed eminent domain appeal, *i.e.*, a civil action. Accordingly, Neighbor is entitled to file his eminent domain appeal

under this saving statute within 6 months of the initial dismissal without prejudice. So the district court erred by dismissing his second appeal as untimely.

En route to this conclusion, we specifically reject Westar's contrary reading of K.S.A. 2014 Supp. 26-508 for at least two reasons. First, it is too narrow. Because the EDPA provides no procedure for pretrial proceedings between the docketing of an appeal and trial, Westar's reading would require parties to proceed directly to trial without such procedures, or at least without ones that are uniform throughout the state. We reject this interpretation of the statute as unreasonable. See *Hawley v. Kansas Dept. of Agriculture*, 281 Kan. 603, Syl. ¶ 9, 132 P.3d 870 (2006) (statutes are construed to avoid unreasonable results). Rather, we read the relevant provisions of the saving statute and EDPA together to bring the provisions into workable harmony. See *Northern Natural Gas Co.*, 296 Kan. at 918 (court may read statutory provisions in pari materia). And the absence of any EDPA provisions regarding pretrial proceedings additionally supports our conclusion that K.S.A. 2014 Supp. 26-508 generally requires Chapter 60 of the Kansas statutes to govern them.

Second, we reject Westar's reading of the statute because its reliance on *Ramsel* and *Miller* is misplaced. We previously have cast significant doubt on the continuing validity of the specific language Westar cites from those cases. For example, in *Landau Investment Co. v. City of Overland Park*, 261 Kan. 394, 409, 930 P.2d 1065 (1997), this court stated that the 1968 holding in *Miller* "that the language in K.S.A. 26-508 'applies to the presentation of the facts and not to the formation of the pleadings,' [citation omitted], must be viewed in the context of [the specific statute addressed in *Miller*] and not Chapter 60 in its entirety." And based on our conclusion in the instant case, we now expressly disapprove the suggestion in *Miller* and *Ramsel* that K.S.A. 2014 Supp. 26-508 only governs the trial in an eminent domain appeal.

Westar also argues our language-based approach fails to account for the general "nature" of the EDPA. According to Westar, this nature requires an expedited resolution of eminent domain proceedings. See, *e.g.*, K.S.A. 2014 Supp. 26-504 (providing appeals

to the Supreme Court in eminent domain proceedings "shall take precedence over other cases"). And K.S.A. 60-518 purportedly counteracts or contravenes that nature by permitting the proceedings to be prolonged.

Westar apparently gleans this argument from *Landau*. There, we examined our precedent addressing the application of the code of civil procedure in three eminent domain appeals. 261 Kan. at 407-08 (discussing *State Highway Commission v. Lee*, 207 Kan. 284, 485 P.2d 310 [1971]; *City of Wellington v. Miller*, 200 Kan. 651; *Diefenbach v. State Highway Commission*, 195 Kan. 445, 448, 407 P.2d 228 [1965]). Synthesizing these cases, we concluded: "On the whole, [an eminent domain] appeal is conducted as any civil trial. However, if a provision of the civil procedure code counteracts or contravenes the *nature* of the [EDPA], the civil procedure code will not be applied." (Emphasis added.) 261 Kan. at 409.

Despite its reference to *Landau*, Westar's argument about the general nature of the EDPA is unpersuasive because our first duty is to interpret the actual statutory language. Because our holding in *Landau* suggests otherwise, we now clarify its rule so it conforms to our obligation to first interpret a statute's actual language. As noted, the language of K.S.A. 2014 Supp. 26-508 generally requires an eminent domain appeal in district court to proceed as any civil action. So when determining whether a particular provision in the code of civil procedure actually applies to these appeals, we reject *Landau*'s emphasis on the overall "nature" of the EDPA. Instead, we hold the code applies unless the Chapter 60 provision at issue contradicts a more specific provision in the EDPA. This holding is consistent with our rule that a specific statute controls over a general one. See *Vontress v. State*, 299 Kan. 607, 613, 325 P.3d 1114 (2014) (a specific statute controls over a general one when the relevant provisions overlap).

Finally, Westar argues we should affirm the district court's dismissal based on our pre-EDPA decision in *Howard v. State Highway Commission*, 181 Kan. 226, 311 P.2d 313 (1957). There, the State Highway Commission condemned a parcel of land for highway purposes. The landowner appealed the appraisers' award, but the district court eventually dismissed the case without prejudice.

The landowner moved to "reinstate" the matter, but the district court denied the attempt. The landowner then appealed to this court, which ultimately dismissed the appeal.

While the *Howard* landowner's appeal was pending before this court, he filed a new action in the district court. Although the language is unclear, it appears the district court then changed course and, instead of treating the filing as a new action, chose to reinstate the landowner's initial appeal of the appraisers' award. The court conducted a jury trial after the reinstatement, which ultimately produced an award lower than the one from the initial appraisers. So the landowner appealed the second case to this court, arguing the district court lacked jurisdiction over the jury trial.

The district court had not relied on the saving statute then in effect, G.S. 1949, 60-311, when it permitted the reinstated appeal and subsequent jury trial. Nevertheless, this court addressed whether the saving statute applied to an eminent domain appeal under G.S. 1949, 26-102. This precursor to K.S.A. 2014 Supp. 26-508 provided that after a written notice of appeal was filed with the clerk of the district court, "an action shall be docketed and tried the same as other actions." Without much, if any, analysis, the *Howard* court stated "the saving statute from its very terms would not apply" and noted further "that the eminent domain statutes (G.S. 1949, chapter 26, article 1) are special statutes providing for their own procedure, and [the saving statute], is, of course, not included therein." 181 Kan. at 228. The court then analyzed the issue of the reinstatement of the landowner's appeal, concluding the district court should have not considered the second filing as a reinstatement because it lacked jurisdiction to reinstate.

We disagree with Westar that *Howard* bars Neighbor from relying upon K.S.A. 60-518. Although the *Howard* court admittedly suggested it would have reached the opposite conclusion we do now, that intimation is insufficient to overcome the current and controlling language of K.S.A. 2014 Supp. 26-508. Moreover, the *Howard* court's analysis focused on the district court's erroneous reinstatement of the landowner's initial appeal—not the saving statute. Its reference to the saving statute essentially was unrelated

to the controlling rationale of the case and thus dictum, which we decline to follow. See *Johnson v. Westhoff Sand Co.*, 281 Kan. 930, 946, 135 P.3d 1127 (2006) (dictum is a judicial comment that is unnecessary to the decision in the case) (citing Black's Law Dictionary 1102 [8th ed. 2004]); see also *Bussman v. Safeco Ins. Co. of America*, 298 Kan. 700, 716, 317 P.3d 70 (2014) (dictum does not bind court in future cases).

Judgment of the district court dismissing the case with prejudice is reversed, and the case is remanded to that court for further proceedings.

BILES, J., not participating.

MICHAEL J. MALONE, Senior Judge, assigned.