NOT DESIGNATED FOR PUBLICATION

No. 119,600

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

THE BANK OF NEW YORK MELLON,
*Appellee*,

v.

JAMES R. GLASS and CLAUDIA J. LAIRD GLASS,
*Appellants*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed September 13, 2019. Vacated and remanded with directions.

*Nicholas R. Grillot*, of Hinkle Law Firm, LLC, of Wichita, for appellants.

*Sarah R. Holdmeyer*, of Bryan Cave Leighton Paisner LLP, of Kansas City, Missouri, for appellee.

Before POWELL, P.J., GARDNER, J., and LAHEY, S.J.

PER CURIAM: James R. Glass and Claudia J. Laird Glass appeal the district court's summary judgment ruling in favor of The Bank of New York Mellon (BONY). They challenge the sufficiency of the findings of fact and conclusions of law by the district court as required by K.S.A. 2018 Supp. 60-252 and Supreme Court Rule 165 (2019 Kan. S. Ct. R. 221). Because we agree additional findings are necessary for meaningful review of the issues, we vacate the summary judgment order and remand this matter to the district court.

1

This is a mortgage foreclosure action. In January 2007, James borrowed $46,000 from Taylor, Bean & Whitaker Mortgage Corp. (TBW). He admits signing a note for that amount and began making regular payments. James and his wife, Claudia, signed a mortgage at the same time granting TBW a security interest in their Hutchinson, Kansas property. In 2014, TBW assigned the mortgage to BONY.

In July 2015, BONY, as trustee for TBW, brought this action alleging James and Claudia failed to make payments as required by the promissory note and mortgage. BONY requested judgment for $41,950.80 with interest and sought permission to foreclose on the property if James and Claudia could not timely redeem the property. BONY attached a copy of the promissory note and mortgage to its petition.

Although they admit James signed a promissory note in 2007, James and Claudia denied that the note attached to BONY's petition was a copy of the document he signed. In addition to contesting the authenticity of the note, James and Claudia also challenged the adequacy of the notice of default and notice of acceleration of the note. They further claimed BONY breached the terms of the mortgage and note by wrongfully refusing to accept payments on the note.

BONY filed a summary judgment motion with 12 uncontroverted facts; James and Claudia responded by controverting, at least in part, 8 of those facts. The Glasses submitted three additional facts, one of which was controverted by BONY. The district court allowed supplemental briefing by both parties. Ten additional facts were presented by BONY; James and Claudia controverted three of those facts and submitted six more, three of which were neither admitted nor denied by BONY; it simply objected.

The parties argued in multiple briefs over the sufficiency of evidence required to prove and to challenge the authenticity of James' signature on the note presented by BONY. In the summary judgment process, BONY produced an original note and an affidavit attesting to that fact. By way of affidavits, James and Claudia challenged the authenticity of the document.

At the hearing on BONY's motion for summary judgment, the district court granted the motion:

"I believe [BONY] is entitle[d] to summary judgment and the standard here is whether there's any genuine issue of material fact, and I find there is not. The facts stated in [BONY]'s motion are sufficient to support the granting of judgment. To be more specific I believe [BONY] has sufficiently shown that [BONY] is in possession of the note that was signed by [James], and that [James and Claudia] are in default."

In its written summary judgment order, the district court found:

"No issue of fact exists that . . . James Glass executed a promissory note through which he agreed to repay mortgage debt with interest. [BONY] presented a copy of the note in its summary judgment briefing, and [BONY] appeared at the oral argument with the original note, which was available for viewing by [James and Claudia] at the hearing. The Court finds that the mortgage is of record with the Reno County Register of Deeds and was presented in [BONY]'s briefing.

"The Court finds that James Glass failed to repay the note according to its terms and that the debt described by the note was accelerated and due and payable.

"This Journal Entry incorporates the comments made by the Court from the bench at the hearing, which are also made part of the record herein."

James and Claudia timely moved for additional findings of fact and conclusions of law under K.S.A. 2018 Supp. 60-252(b). In their motion before the district court, James and Claudia requested findings and conclusions that address "why the Glasses' responses to the Bank's statement of uncontroverted fact were not sufficient to controvert those facts, and set forth the court's legal analysis and conclusions as to why the Glasses' defenses were insufficient to prevent the Bank from being granted judgment as a matter of law." At the hearing on the Glasses' motion, the district judge denied their request:

"[T]he ruling I made is sufficient and the motion is denied. I stated on the record that I found there was no genuine issue of material fact and, therefore, summary judgment was appropriate, and I also specifically stated that the facts as stated in [BONY's] motion for summary judgment were sufficient. I also specifically stated that I was finding that [BONY] is in fact in possession of the note underlying the mortgage. The note was signed by [James], and [James] is in default. I believe those are sufficient findings. So the motion is denied."

In its written order ruling against James and Claudia, the district court found

"the summary judgment ruling made after oral argument on [BONY's] Motion for Summary Judgment and the Journal Entry entered by the Court granting summary judgment are sufficient. In addressing summary judgment, which was opposed, the parties submitted extensive factual and legal briefing, which the Court indicated at oral argument on the Motion for Summary Judgment had been read and considered. In its oral ruling granting the Motion for Summary Judgment, the Court indicated the standard for granting summary judgment, that the facts stated in [BONY's] motion are sufficient to support granting of judgment, and that the three elements of a judicial foreclosure were satisfied.

"In now taking up [James and Claudia's] Motion for more findings, the Court finds that additional facts or conclusions other than those provided in the Court's ruling are not necessary. The Court also notes that the Journal Entry indicated that the comments made by the Court during the hearing were made part of the record."

4

## DID THE DISTRICT COURT COMPLY WITH K.S.A. 2018 SUPP. 60-252 AND SUPREME COURT RULE 165(a)?

James and Claudia argue the district court failed to comply with the requirements of K.S.A. 2018 Supp. 60-252 and Kansas Supreme Court Rule 165(a) (2019 Kan. S. Ct. R. 221).

We exercise unlimited review over interpreting statutes and Supreme Court rules. See *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015) (applying unlimited appellate review to interpret statutes); *Rinehart v. Morton Buildings, Inc.*, 297 Kan. 926, 942, 305 P.3d 622 (2013) (exercising unlimited appellate review to interpret Kansas Supreme Court rules).

Supreme Court Rule 165 and K.S.A. 2018 Supp. 60-252 impose on the district court the primary duty to provide adequate findings of fact and conclusions of law to explain the court's decision on contested matters. Under K.S.A. 2018 Supp. 60-252(a)(1), a court granting summary judgment "must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of evidence, or may appear in an opinion or a memorandum of decision filed by the court." The Kansas Supreme Court has explained the controlling findings of fact and principles of law under K.S.A. 2018 Supp. 60-252 aid the integrity of the district court's decision. The district court's findings should sufficiently resolve the parties' issues, and the findings should adequately advise the parties which standards the court applied and what reasons persuaded the court to arrive at its decision. See *Gannon v. State*, 305 Kan. 850, 875, 390 P.3d 461 (2017). In other words, "'the court's findings and conclusions should reflect the factual determining and reasoning processes through which the decision has actually been reached.'" 305 Kan. at 875.

5

Moreover, the requirements of K.S.A. 2018 Supp. 60-252(a) are for the benefit of appellate review to advise what standards and reasons the district court used in reaching its decision. See *O'Brien v. Leegin Creative Leather Products, Inc.*, 294 Kan. 318, 361, 277 P.3d 1062 (2012). Thus, "'"[w]here the findings and conclusions of the trial court are inadequate to permit meaningful appellate review, [there is] no alternative but to remand the case for new [or additional] findings and conclusions."' *Baker University v. K.S.C. of Pittsburg*, 222 Kan. 245, 254, 564 P.2d 472 (1977)." *Gannon*, 305 Kan. at 875.

Reviewing the court's oral and written findings and conclusions, we are unable to discern how the district court analyzed or resolved the apparent factual disputes and legal contentions of the parties.

The district court found there were no genuine issues of material fact but did not explain how or why the facts contested by James and Claudia were not material or genuine issues. For example, the Glasses' affidavits challenged the authenticity of James' signature on the note, yet, without any specific findings of fact or any legal analysis of the issue, the trial court found James signed the note. Similarly, the district court did not make any specific findings or analysis of James and Claudia's claimed attempts to pay BONY or their challenges regarding acceleration of the note and notice of default. When facts are controverted by the parties in a summary judgment motion or response, a simple conclusory finding by the trial court that "no issue of fact exists" is not sufficient to apprise the parties or the appellate court of the trial court's "'factual determining and reasoning processes'" as outlined in *Gannon*, 305 Kan. at 875.

Because the findings and conclusions in the district court's order fall short of the requirements of K.S.A. 2018 Supp. 60-252(a) and Supreme Court Rule 165, we vacate the summary judgment ruling and remand the case to the district court for further proceedings consistent with this opinion.

6

Vacated and remanded with directions.