NOT DESIGNATED FOR PUBLICATION

No. 121,514

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MICHAEL R. CHUBB,
*Appellant*,

v.

KANSAS DEPARTMENT FOR AGING AND DISABILITY SERVICES,
*Appellee*.

MEMORANDUM OPINION

Appeal from Pawnee District Court; BRUCE T. GATTERMAN, judge. Opinion filed March 13, 2020. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Jessica F. Conrow*, senior legal counsel, Kansas Department for Aging and Disability Services, for appellee.

Before HILL, P.J., GREEN and WARNER, JJ.

PER CURIAM: Michael R. Chubb has been civilly committed to the custody of the Kansas Department for Aging and Disability Services (KDADS) under the Sexually Violent Predator Act (Act). As a person committed under the Act, Chubb participates in the Sexual Predator Treatment Program (SPTP). Chubb petitioned the Pawnee County District Court to review his grievance with the SPTP before he exhausted his available administrative remedies. Based on his failure to exhaust administrative remedies, the trial court dismissed his petition for lack of jurisdiction. Chubb appeals, arguing that any

1

authority requiring him to exhaust administrative remedies is invalid. Because we find no error, we affirm the dismissal of Chubb's petition.

*Facts and Procedural Background*

The SPTP has a procedure manual for its residents. Under Policy 7.1, residents in the SPTP who have complaints must address their complaints through the following grievance process: First, a resident must submit his or her complaint to the SPTP Due Process Coordinator, who will record the complaint. Second, if the resident is dissatisfied with the Due Process Coordinator's response, the resident may appeal to the SPTP Program Director. Then, if the resident is dissatisfied with the Program Director's decision, the resident may appeal the Program Director's decision to an administrative law judge (ALJ) within the Office of Administrative Hearings.

Here, it is undisputed that Chubb never appealed the Due Process Coordinator's decision to the Program Director before appealing to an ALJ. In his appeal to the ALJ, Chubb argued that he was not required to comply with Policy 7.1 because the Due Process Coordinator failed to timely respond to his grievance, which was itself a grievance about the Due Process Coordinator's prior failures to timely respond to his grievances. KDADS responded that the ALJ should dismiss Chubb's appeal for lack of jurisdiction given Chubb's failure to exhaust administrative remedies. In doing so, KDADS noted that the SPTP required the Program Director to accept and respond to the resident's appeal if the Due Process Coordinator failed to timely respond to the resident's grievance. The ALJ agreed with KDADS, dismissing Chubb's appeal for lack of jurisdiction on January 18, 2017.

Chubb then petitioned the Pawnee County District Court to review the ALJ's decision. Initially, the parties made the same arguments before the trial court that they had made before the ALJ. Then, Chubb moved the trial court to convert his petition into a

2

K.S.A. 60-1501 motion; he asserted that the court should convert his petition into a K.S.A. 60-1501 motion because the SPTP had not followed its own policies when responding to his prior grievances.

The trial court rejected Chubb's arguments, dismissing Chubb's petition for lack of jurisdiction based on Chubb's failure to exhaust administrative remedies. Because it dismissed his petition for lack of jurisdiction, the trial court also denied Chubb's motion to convert his petition into a K.S.A. 60-1501 motion.

Chubb appeals.

*Did the Trial Court Err by Dismissing Chubb's Petition for Lack of Jurisdiction?*

On appeal, Chubb makes two arguments, neither of which he raised below. First, Chubb argues that K.S.A. 2019 Supp. 59-29a24's exhaustion requirement unconstitutionally suspended his right to seek habeas corpus relief. Second, Chubb argues that the SPTP's policies are invalid because the SPTP lacked statutory authority to make policies. Chubb acknowledges that he is raising his second argument for the first time on appeal. But Chubb never acknowledges that he is raising his first argument for the first time on appeal. Supreme Court Rule 6.02(a)(5) (2019 Kan. S. Ct. R. 34) requires an appellant to explain why an appellate court should consider an argument not raised below. In *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014), our Supreme Court held that appellants who fail to comply with Rule 6.02(a)(5) risk a ruling that their argument was improperly briefed and, therefore, abandoned. Additionally, in *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015), our Supreme Court held that Rule 6.02(a)(5) would be strictly enforced in the future. Chubb's failure to comply with these rules is particularly perplexing here, when his original claims arose not under habeas corpus but in the context of the SPTP grievance process—administrative claims subject to the Kansas Judicial Review Act. See *Williams v. DesLauriers*, 38 Kan. App. 2d 629,

3

634, 172 P.3d 42 (2007). Thus, we hold that Chubb has abandoned his first argument about K.S.A. 2019 Supp. 59-29a24's constitutionality by failing to comply with Rule 6.02(a)(5).

Turning to Chubb's second argument, we note that Chubb correctly acknowledges that his second argument about the SPTP's authority to create policies involves a question of law, which we can review for the first time on appeal. See *In re Estate of Broderick*, 286 Kan. 1071, 1082, 191 P.3d 284 (2008), *cert. denied* 555 U.S. 1178 (2009) (holding that appellate courts may consider an argument raised for the first time on appeal when that argument involves only a question of law). In turn, we exercise de novo review. See *In re Care & Treatment of Emerson*, 306 Kan. 30, 34, 392 P.3d 82 (2017) (holding that issues concerning the existence of jurisdiction are questions of law); *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015) (holding that issues concerning statutory interpretation are questions of law); *Ryser v. Kansas Bd. of Healing Arts*, 295 Kan. 452, 457, 284 P.3d 337 (2012) (holding that issues concerning a party's duty to exhaust administrative remedies are questions of law).

Chubb's argument about the SPTP lacking authority to create policies involves the validity of the SPTP itself. He contends that "there is no statutorily defined entity for the secure confinement component of [the SVPA], no regulatory structure promulgated by KDADS for any such entity, and no such authority to promulgate rules or regulations by the SPTP, which arguably exceed the statutory authority of the Secretary of KDADS." So, Chubb believes that no statute gives the SPTP the authority to create policies, meaning that no valid administrative remedies existed for him to exhaust. Yet, this argument is not borne out by our statutes.

Persons committed under the SVPA are in the "control, care and treatment" of KDADS. K.S.A. 2019 Supp. 59-29a07(a). The Legislature gave the Secretary of KDADS the authority to "establish procedures to assure protection of persons' rights [who have

4

been committed under the SVPA]." K.S.A. 2019 Supp. 59-29a22(d). But the Legislature also gave the Secretary the authority to designate power: "[T]he secretary may create and establish offices, divisions and administrative units as necessary for the efficient administration and operation of the department and may assign functions, powers and duties to the several offices, divisions and administrative units in the department." K.S.A. 75-5909.

Chubb's entire argument hinges on his belief that the SPTP lacked statutory authority to create internal policies. But K.S.A. 75-5909 clearly gives the Secretary of KDADS the authority to designate his or her power to divisions within the department. The SPTP is simply a division of KDADS that the Secretary gave the power to create policies. Because the Secretary has statutory authority to designate power to the SPTP, the SPTP's policies are valid. Indeed, another panel of this court recently reached the same conclusion on this same issue. See *Burch v. Kansas Dept. for Aging and Disability Services*, No. 121,511, 2019 WL 6795825 (Kan. App. 2019) (unpublished opinion). As a result, the trial court correctly dismissed Chubb's petition for lack of jurisdiction based on Chubb's failure to exhaust administrative remedies.

Affirmed.